## Fielder *v.* State

No. 41095          February 2, 1959          108 So. 2d 590

*R. S. Tullos, O. O. Weathersby*, Raleigh, for appellant.

G. *Garland Lyell, Jr.*, Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Appellant Ish Fielder was convicted in the Circuit Court, Second Judicial District of Jasper County, of feloniously buying and receiving stolen property. Two witnesses for the State, the Heidelberg boys, testified appellant told them that, if they could get some seed cotton, he would buy it. These two witnesses said they then stole the cotton, took it to appellant's house late at night, advised him that it was stolen, and he bought it. McCollum, one of the owners of the cotton, said that he followed tracks from the cotton house to the home of the Heidelbergs, and, where the tracks led over the fence, pieces of cotton were dropped on the ground. His testimony furnished adequate corroboration of that of the Heidelbergs. The jury was warranted in finding appellant guilty of the charge.

The first instruction refused appellant was properly denied. Assuming but not deciding that the Heidelberg boys were accomplices, it was improper and irrelevant on the issue in this case to advise the jury that the Heidelbergs were subject to being indicted and tried for grand larceny. The second instruction also was properly refused appellant, since the "falsus in uno falsus in omnibus" type has been condemned on many occasions. Crawford v. State, 54 So. 2d 230 (Miss. 1951).

██ ██ The trial court was in error in permitting Hosey, one of the owners of the seed cotton, to testify that the Heidelberg boys had told him they stole it and sold it to appellant. This was inadmissible hearsay. Appellant made only one objection to the first of a number of questions about this. However, appellant's counsel cross-examined Hosey about what the boys said and this waived the objections. Moreover, the Heidelbergs testified, and stated on both direct and cross-examination exactly what Hosey said they did. This point was not raised in the motion for a new trial, and referred to only generally in the assignment of error. For all of these reasons, the admission of this evidence was harmless error.

Affirmed.

*Roberds, P. J.,* and *Hall, Holmes* and *Gillespie, JJ.,* concur.