316 So.2d 926 (1975)
Robert SUMNER
v.
STATE of Mississippi.
No. 48616.
Supreme Court of Mississippi.
July 28, 1975.
Cleve McDowell, Drew, for appellant.
A.F. Summer, Atty. Gen., by Ben H. Walley, Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, SMITH and SUGG, JJ.
SUGG, Justice:
The defendant, Robert Sumner, was convicted of assault and battery with intent to kill and sentenced to a term of ten years in the State Penitentiary by the Circuit Court of Sunflower County.
The question for decision is whether defendant made a contemporaneous objection to hearsay evidence.
Caswell Stancill entered his home in Drew, Mississippi, after dark and discovered an intruder whom he could not identify. The intruder fired at Stancill five times severely wounding him. Two pistols and a coin collection were taken from Stancill's home. The two pistols were found in an old driveway at the back of his home on the night in question. About thirty days after the incident, part of the coin collection was found at the Community House in Drew and identified by Stancill.
In the course of his investigation, J.D. Fleming, Chief of Police of the City of Drew, discovered blood on the shelf from which the pistols were taken. On the same night, he arrested defendant at the home of defendant's grandmother in the nearby town of Rome, and observed that defendant had a cut place on his right little finger and blood on his fingernails.
Herman Parker, a Deputy Sheriff of Sunflower County, Mississippi, testified on direct examination that tests were run on the samples of blood taken from Stancill's home showing that the blood was Type B. He also testified that the defendant had Type B blood. On cross-examination, defendant's *927 attorney elicited from Parker the fact that Parker did not test or type defendant's blood, but obtained the information from a detective with the Chicago Police Department.
When Parker left the witness stand, the jury was retired and defendant moved to strike the testimony about defendant's blood type on the ground that the testimony was hearsay. The court overruled the motion and the trial proceeded.
The rule governing the time of objection to evidence is that it must be made as soon as it appears that the evidence is objectionable, or as soon as it could reasonably have been known to the objecting party, unless some special reason makes a postponement desirable for him which is not unfair to the proponent of the evidence. Williams v. State, 171 Miss. 324, 157 So. 717 (1934) and cases cited therein. See also cases in Mississippi Digest under Criminal Law.
Defendant's attorney cross-examined Parker about defendant's blood type only to the extent necessary to reveal that the evidence was hearsay. The cross-examination did not violate the rule announced in Fielder v. State, 235 Miss. 44, 108 So.2d 590 (1959) that a party waives his objections to hearsay testimony by cross-examining the witness with reference to it. The rule stated in Fielder is not applicable because defendant limited his cross-examination to discovery of the source of Parker's information.
Since defendant's motion to exclude was made as soon as it became apparent that the evidence was hearsay, this constituted a contemporaneous objection to the hearsay evidence. It was not unfair to the State for defendant to postpone his objection to Parker's testimony until he could develop, by cross-examination, the fact that Parker's testimony about defendant's blood type was hearsay. The State could then have proved defendant's blood type by competent evidence. Evidence of the defendant's blood type was a crucial link in the circumstantial evidence by which the State sought to prove that he was the assailant. Admission of the hearsay evidence of defendant's blood type was prejudicial and constituted reversible error.
Reversed and remanded.
RODGERS, P.J., and PATTERSON, INZER, ROBERTSON, WALKER and BROOM, JJ., concur.