517 So.2d 517 (1987)
Larry Alan MERRITT
v.
STATE of Mississippi.
No. 56030.
Supreme Court of Mississippi.
November 4, 1987.
Rehearing Denied January 13, 1988.
E.V.E. Joy, Jackson, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by DeWitt Allred, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
*518 ROBERTSON, Justice, for the court:

I.
Today, Larry Alan Merritt charges error in denial of his claim for post-conviction relief from a final judgment that he murdered his two-year-old daughter. Central to the case is a claim that he was denied effective assistance of counsel at his trial. Beyond this, Merritt seeks to present issues that either were or ought to have been decided on his original appeal, issues which for that reason are precluded from review here. For the reasons noted below, we affirm the Circuit Court's denial of post-conviction relief.

II.
On December 12, 1975, Merritt was found guilty in the Circuit Court of Marion County, Mississippi, of the murder of his daughter, Shannon Merritt. The essence of the verdict is that Merritt took out a $25,000.00 insurance policy on the life of his daughter and then suffocated her to collect the insurance proceeds. Merritt's conviction was affirmed on direct appeal. See Merritt v. State, 339 So.2d 1366 (Miss. 1976), wherein the facts of the case are set forth more fully and, for that reason, need not be recounted here.
On October 7, 1981, this Court granted Merritt's Application for Leave to File a Complaint for Post-Conviction Relief and remanded same to the Circuit Court "for the limited purpose of inquiring into the charge of ineffective assistance of counsel." The Circuit Court then held the prescribed hearing and on April 4, 1983, entered final judgment that Merritt's claim for post-conviction relief should be denied. From that ruling, Merritt prosecutes the present appeal.

III.
Merritt urges that the Circuit Court erred in rejecting his claim of ineffective assistance of counsel. The record reflects that the Circuit Court held a full evidentiary hearing on this question and then filed an opinion containing extensive findings of fact and conclusions of law.
At his original murder trial, Merritt was represented and defended by retained counsel, Sebe Dale, Jr., Esq., of the Columbia, Mississippi, Bar. Merritt charges that Dale's performance was ineffective in three general areas:
(1) failure to conduct an adequate pre-trial investigation;
(2) failure to file certain pre-trial motions; and
(3) certain omissions in trial procedures.
Under the general heading of failure to conduct an adequate pre-trial investigation, Merritt first charges that his attorney failed to investigate the background of his former wife, Toddie Lynn Merritt (Burns). To be sure, she was an important prosecution witness at Merritt's murder trial. The Court below observed that "without the wife's testimony ... the case would never have gone to the jury." The evidence at the post-conviction hearing, however, reflected that Merritt's attorney had known his former wife's family for a number of years and that he knew her mother and father. He had interviewed her when he represented Merritt in a divorce action brought by her. At the post-conviction hearing Merritt failed to show how such additional investigation would have significantly aided his cause at trial.
Second, counsel is charged with failure to obtain the services of a forensic pathologist. This charge is made in the context of the fact that the cause of death was an important issue at trial. In the first place, there is no law requiring employment of a forensic pathologist as a prerequisite to defense counsel being considered constitutionally effective. As a practical matter, defense counsel had a cousin who was a pathologist practicing in McComb, Mississippi. Counsel did in fact consult with his cousin and discussed reports of the prosecution's pathologist and was advised that "he [counsel's cousin] saw nothing which would be of any benefit."
Third, Merritt charges that counsel failed to interview the prosecution's witnesses. At trial in 1975, the prosecution called Toddie *519 Lynn Merritt (Burns), Joe Peavy, Mrs. Bill Russell, C.H. Tyrone, Milton S. Magee, Dr. J. Larry Smith, Dr. Sergio Gonzales, and O.L. (Buddy) Anderson. Counsel interviewed Mrs. Merritt (Burns), Peavy, Tyrone, Magee, and Smith. He attempted to talk with Anderson, but Anderson refused (although counsel had the opportunity to cross-examine Anderson at the preliminary hearing). Counsel adequately familiarized himself with the report of Dr. Gonzales. Counsel did not talk with Mrs. Russell who lived in Grand Isle, Louisiana. Mrs. Russell offered no testimony which in any way surprised the defense and hence, Merritt suffered no harm from counsel's failure to interview her.
In the end, the Circuit Court found "that counsel did conduct an adequate pre-trial investigation into the potential testimony of the State's witnesses with the exception of Mrs. Russell, ... [and that] no prejudice resulted from the failure to question Mrs. Russell."
Merritt's next cluster of complaints cites three pre-trial procedural opportunities of which counsel allegedly failed to avail himself. These are "failure to request a change of venue, failure to move for a continuance, and failure to object to exhumation of the body of the victim." These points need not detain us. We have reviewed the record and the thorough discussion of these three points by the Circuit Court. The Circuit Court concluded that counsel's conduct was "within the range of competence demanded of attorneys in criminal cases and, therefore, does not constitute ineffective assistance."
Third, Merritt cites nine trial omissions. These are:
A. Failure to "voir dire" either or both of the pathologists who testified at trial concerning their qualifications to render an opinion.
B. Failure to cross-examine either of the pathologists concerning their autopsy procedure.
C. Failure to present through his own pathologist alternative theories of death.
D. Failure to cross-examine the prosecutrix concerning certain matters.
E. Failure to call the petitioner as a witness.
F. Failure to cross-examine O.L. "Buddy" Anderson about certain matters.
G. Failure to introduce the Coroners Jury Report.
H. Failure to object to the testimony of C.H. Tyrone concerning a statement given by the petitioner.
I. Failure to call certain witnesses.
The claim of failure to voir dire the pathologists "relative to their credentials as forensic pathologists" is without merit. Dr. Gonzales' credentials are beyond question; indeed, the Circuit Court and this Court are well aware of the fact that he frequently testifies in similar cases. Voir dire cross-examination could have added nothing. At the hearing below, Merritt failed to produce any evidence that Dr. Smith was not qualified. Hence, this point fails. Merritt's suggestion of failure to cross-examine on the merits of the cause-of-death issue is met by his counsel's trial decision that there was "nothing to gain" by such cross-examination as it would do nothing but allow repetition of the facts and bolster the damaging testimony in the minds of the jurors.
The point regarding the failure to cross-examine Merritt's (now ex-) wife is a bit more troublesome. As our 1976 opinion on direct appeal reflects, the primary issue was whether Merritt's (at the time) wife was competent as a witness against him. Counsel's trial strategy was to keep the wife off the witness stand. The Circuit Court overruled his objection. At this point counsel feared that if he cross-examined her he would have waived the point for appeal.
Our case law as it stands today makes clear that this view was erroneous. Once an objection is overruled, the party making the objection may try the remainder of the case on the assumption that the ruling will stand. See Stringer v. State, 500 So.2d 928, 946 (Miss. 1986); Jones v. State, 461 So.2d 686, 702 (Miss. 1984). At the time of *520 the trial in 1975, however, the point was not nearly so clear. See Fielder v. State, 235 Miss. 44, 46, 108 So.2d 590, 591-92 (1959). The record convinces us that Merritt's best hope for a successful result lay in somehow excluding his wife's testimony. Based on the case law as it existed at the time, counsel's refusal to take a chance on waiving his objection to the wife's testimony by indulging in cross-examination does not render his assistance constitutionally inadequate.
Merritt did not take the stand in his own defense. He faults his counsel for the decision not to call him as a witness. First, there is no suggestion here that Merritt insisted upon taking the stand and that he was precluded from doing so by counsel or the court. Contrast Neal v. State (Miss. No. DP-36, dec. Sept. 23, 1987) (not yet reported); and Culberson v. State, 412 So.2d 1184, 1186 (Miss. 1982). Merritt was advised by his attorney that he should not take the stand because he would not be a good or effective witness on his own behalf and, further, that cross-examination would bring out information that would be highly damaging.
We have considered the other points mentioned above and find that they do not merit separate discussion. Suffice it to say that each of these nine alleged omissions was either within the realm of legitimate trial strategy on the part of the defense counsel, or was of such insufficient moment that the integrity of the trial or our confidence in the correctness of its outcome has not been shaken.
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is our primary source of law for the increasingly familiar notion of ineffective assistance of counsel. A combined reading of the right to assistance of counsel secured by the Sixth and Fourteenth Amendments to the United States Constitution and by Article III, Section 26, of the Mississippi Constitution of 1890 mandates a two-fold inquiry: (1) whether counsel's performance was deficient, and, if so, (2) whether the deficient performance was prejudicial to the defendant in the sense that (a) our confidence in the outcome of the trial is substantially undermined, see, e.g., Neal v. State (Miss. No. DP-36, dec. Sept. 23, 1987) (not yet reported); Ferguson v. State, 507 So.2d 94, 95-97 (Miss. 1987); Waldrop v. State, 506 So.2d 273, 275-76 (Miss. 1987); Alexander v. State, 503 So.2d 235, 240-41 (Miss. 1987), or (b) the integrity or fairness of the trial process is substantially impugned, see Waldrop v. State, 506 So.2d 273, 275-76 (Miss. 1987); Stewart v. State, 229 So.2d 53, 55 (Miss. 1969); and Brooks v. State, 209 Miss. 150, 154, 46 So.2d 94, 96 (1950). We emphasize that these standards are objective ones. They apply everywhere. As life and liberty are at stake, there is no place for a locality rule in right to counsel jurisprudence. Cf. Hall v. Hilbun, 466 So.2d 856 (Miss. 1985).
Here we are reviewing a finding of ultimate fact, i.e., that Merritt enjoyed effective assistance of counsel at his murder trial, made by a trial court sitting without a jury. We will not set aside such a finding unless it is clearly erroneous. Put otherwise, we will not vacate such a finding unless, although there is evidence to support it, we are on the entire evidence left with the definite and firm conviction that a mistake has been made. See Gavin v. State, 473 So.2d 952, 955 (Miss. 1985); Neal v. State, 451 So.2d 743, 753 (Miss. 1984). We have made clear that this limitation upon our scope of review applies to both findings of ultimate fact and review of findings of evidentiary fact. See Norris v. Norris, 498 So.2d 809, 814 (Miss. 1986); Carr v. Carr, 480 So.2d 1120, 1122 (Miss. 1985). Faithful application of these substantive standards emanating from Washington, et al., together with established limitations on our scope of review leaves us no alternative but to reject the assignment that the Circuit Court erred when it rejected Merritt's claim of ineffective assistance of counsel.

IV.
Merritt presents numerous additional arguments why this Court should direct that he be granted post-conviction relief. The *521 question whether his then wife, Toddie Lynn Merritt (Burns), was competent as a witness has been decided on direct appeal, Merritt v. State, 339 So.2d 1366 (Miss. 1976), and that ruling is now the law of the case. That the point may have been close at the time is of no moment.
Merritt complains bitterly that this Court changed the law on the matter of spousal competency and then, in effect, applied that law retroactively to his case. Candor requires acknowledgment that this is precisely what happened. But such is the nature of the common law process, see, e.g., McDaniel v. State, 356 So.2d 1151, 1156-61 (Miss. 1978), wherein we have said all too often that there is a built in presumption of retroactivity in our judicial lawmaking efforts. Hall v. Hilbun, 466 So.2d 856, 876 (Miss. 1985). We worry most about that presumption in cases where a party may in good faith have relied upon a preexisting state of the law. It goes without saying that we have no obligation to honor the claim of a murderer that he planned and executed the killing of his child in reliance upon the then rule that his wife would not be competent as a witness against him.
Other points now raised either were or ought to have been presented on direct appeal. These include the challenges to the sufficiency and weight of the evidence supporting the verdict of guilty and the failure to give an instruction that the defendant was not required to testify in his own behalf. These issues are precluded from review here. Neal v. State, supra; Johnson v. State, 511 So.2d 1333, 1336, 1342 (Miss. 1987); Mann v. State, 490 So.2d 910, 911 (Miss. 1986).
Merritt claims that newly discovered evidence requires a new trial. This matter, however, is not properly before us. Merritt's application for post-conviction relief was remanded for an evidentiary hearing on the sole question of ineffective assistance of counsel. The newly discovered evidence point was not before the trial court and, accordingly, we may not consider it on this appeal.
Merritt further assigns as error with respect to the hearing below on his post-conviction application, the refusal of the circuit judge to recuse himself and the refusal of the Circuit Court to grant a continuance. We have considered these issues on their merits and find them without merit. Rejection of all other points raised on appeal is implicit in what we have said above.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.