524 So.2d 313 (1988)
Frank CABELLO, Sr.
v.
STATE of Mississippi.
No. DP-46. (Formerly No. 55581.)
Supreme Court of Mississippi.
April 6, 1988.
Rehearing Denied April 27, 1988.
*315 Dana M. Stein, Miriam J. Goldstein, Ellen R. Hornstein, John Lansdale, Jr., Squire, Sanders & Dempsey, Washington, D.C., Clive A. Stafford Smith, Atlanta, Ga., for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Marvin L. White, Jr., Asst. Atty. Gen., and Felicia C. Adams, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
GRIFFIN, Justice, for the Court:
This case, involving a motion for leave to file a petition for post-conviction relief pursuant to Miss. Code Ann. §§ 99-39-1 to -29 (Supp. 1987), comes to the Court following its affirmance of Frank Cabello, Sr.'s conviction and sentence. We deny the motion.
On December 23, 1982, police found Vernon Gurley, a seventy-two year old automobile dealer, lying on his office floor, tied by the hands and feet, with tape "all over his nose and all around his mouth and face." An autopsy revealed strangulation as the cause of death. A nearby safe stood ajar.
Upon investigation, police arrested Frank Cabello, Sr. as well as his two sons, Frank Cabello, Jr. and Rico Cabello. Thereafter, the Circuit Court of Alcorn County convicted Frank Cabello, Sr., sentencing him to death. This Court affirmed both the conviction and sentence. See Cabello v. State, 471 So.2d 332 (Miss. 1985).
Aggrieved by no fewer than twenty-five allegations of error, Cabello filed for post-conviction review.

I. Cabello was denied the effective assistance of counsel at the first phase of his trial in violation of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.
Initially, Cabello contends that his case suffered due to the ineffective assistance of counsel during the guilt phase of his trial. No post-conviction motion would be complete without this allegation of error.
In Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984), the United States Supreme Court established a two-prong test, required to prove the ineffective assistance of counsel: the defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. See also, Wiley v. State, 517 So.2d 1373, 1378 (Miss. 1987); King v. State, 503 So.2d 271, 273 (Miss. 1987); Caldwell v. State, 481 So.2d 850, 852 (Miss. 1985); Leatherwood v. State, 473 So.2d 964, 968 (Miss. 1985); Lambert v. State, 462 So.2d 308, 316 (Miss. 1984); Thames v. State, 454 So.2d 486, 487 (Miss. 1984). The burden of proof then rests with the movant. Leatherwood, 473 So.2d at 968.
Under the first prong, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. See also, Wiley, 517 So.2d at 1378; Caldwell, 481 So.2d at 852. In short, defense counsel is presumed competent. Jackson v. State, 476 So.2d 1195, 1204 (Miss. 1985).
Under the second prong, even if counsel's conduct is "professionally unreasonable," the judgment stands "if the error had no effect on the judgment." Strickland, 466 U.S. at 691, 104 S.Ct. at 2066, 80 L.Ed.2d at 696. See also, Irving v. State 498 So.2d 305, 317 (Miss. 1986); Perkins v. State, 487 So.2d 791, 793 (Miss. 1986); Billiot v. State, 478 So.2d 1043, 1046 (Miss. 1985). Consequently, the movant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. See also, Wiley, 517 So.2d at 1378, Johnson v. State, 511 So.2d 1333, 1339 (Miss. 1987); Dufour v. State, 483 So.2d 307, 310 (Miss. 1985). There is no constitutional right then to errorless counsel. Johnson, 511 So.2d at 1340.
*316 Within the framework, Cabello cites a variety of errors.

A. Trial counsel was inexperienced, carried an unduly heavy caseload, and had severely limited resources to marshal in Cabello's defense.
Cabello claims that defense counsel rendered ineffective assistance, since counsel was inexperienced, carried a heavy caseload, and enjoyed few resources. In Wiley, 517 So.2d at 1382, this Court held that "inexperience does not as a matter of law make counsel ineffective." Indeed, as noted above, counsel is presumed competent. Johnson, 476 So.2d 1195, 1204 (Miss. 1985).
Moreover, defense counsel's heavy caseload and limited resources are, absent specific instances of error, wholly insufficient in themselves to reverse Cabello's conviction and sentence. Error is denied.

B. Trial counsel's prior representation of the key prosecution witness created a serious and actual conflict of interest.
Attached to Cabello's motion is the affidavit of William Odom, who, along with Jon Hill, represented Cabello at trial and on direct appeal. Odom alleges that he, as the county's public defender, spoke to Rico on at least one occasion, prior to the appointment of counsel for Frank Cabello, Sr., Frank, Jr. and Rico. According to Odom's notes from the interview, Rico told Odom that he had stolen a survival rifle from his mother's house, that he and Frank, Jr. had gone to Mr. Gurley's car lot, before the crime, at which time Frank, Jr. had helped Mr. Gurley re-charge a battery, and that Frank Cabello, Sr. had left the motel room in which they were staying "just to go to the car to fetch things." Unfortunately, although Cabello's motion includes fifty-four exhibits, comprising several hundred pages, it fails to contain a copy of these notes.
At trial, Rico testified that the survival rifle was "one of the guns that we got at my mom's house," that Mr. Gurley had asked him to "take out some jumper cables," and that Frank Cabello, Sr. and Frank, Jr. had left at one point for approximately 30 minutes, at which time Rico saw Frank, Jr. sitting behind the wheel of a "rust-colored, reddish car," which Rico recognized from Mr. Gurley's car lot. Significantly, in no instance did Rico's testimony at trial directly contradict Odom's recollection of his interview.
In Strickland, 466 U.S. at 692, 104 S.Ct. at 2067, 80 L.Ed.2d at 696, quoting Cuyler v. Sullivan, 446 U.S. 335, 348-50, 100 S.Ct. 1708, 1718-9, 64 L.Ed.2d 333, 346-7 (1980), the United States Supreme Court held that where there is an alleged conflict of interest, "prejudice is presumed only if the defendant demonstrates that counsel `actively represented conflicting interests' and that `an actual conflict of interest adversely affected his lawyer's performance'." Here, there is no evidence that counsel experienced an actual conflict of interest, stemming from his interview with Rico, which adversely affected his performance at trial. Error is denied.

C. Trial counsel failed to move to suppress evidence seized illegally in California.
Cabello contends that counsel "failed to move to suppress evidence seized illegally" during an automobile search in California. In fact, defense counsel filed a motion to suppress the evidence, and on direct appeal, this Court upheld the search's legality. Cabello, 471 So.2d at 344. Error is denied.

D. Trial counsel failed to present a timely motion for a change of venue.
Cabello argues that counsel's belated motion for a change of venue was an example of its ineffectiveness. In Cabello, 471 So.2d at 339, this Court noted that the trial judge was within his discretion when he denied the motion, where only five of eighty prospective jurors indicated that they had formed an opinion about the case, and there was no evidence that any of the five prospective jurors actually served.
In Gilliard v. State, 462 So.2d 710, 714 (Miss. 1985), where the defense counsel had *317 failed to pursue a motion for a change of venue, the Court rejected post-conviction relief, noting that the movant had "not shown prejudice." Similarly, even were the Court to find counsel's performance deficient in this case, there is nothing to suggest that Cabello suffered prejudice as a result. Error is denied.

E. Trial counsel failed to object to the trial court's curtailment of voir dire.
Cabello claims that his counsel was ineffective, when it failed to object following the trial judge's order to end voir dire. The record simply does not reflect that the trial judge gave, either expressly or impliedly, any such order:
BY DEFENSE COUNSEL: Ladies and gentlemen, I thank you for your patience and I want to ask you one final question and think on it before you answer it. Are you sure that you can totally assume this Defendant to be innocent until proven guilty beyond a reasonable doubt by the State of Mississippi?
Thank you very much.
Your Honor, that is all we have for cause.
Indeed, Cabello even admits that his counsel "had prepared no further questions to ask the venire." Error is denied.

F. Trial counsel failed to challenge certain venirepersons who expressed bias during the voir dire.
Cabello maintains that counsel's failure to challenge four of seven prospective jurors, who believed that Cabello bore the burden of proof of his guilt, demonstrated ineffectiveness. Since Cabello offered no proof that any of these prospective jurors actually served, there is no evidence of prejudice. Error is denied.

G. Trial counsel failed to challenge the unconstitutional composition of the juries that indicted and convicted Cabello.
Cabello contends that counsel was ineffective, when posing no objections to his grand and petit juries, which excluded "cognizable social groups." See, Section XI, infra. In Wiley, 517 So.2d at 1380, this Court found an absence of error for counsel's failure to raise this issue, where, as here, the case was tried prior to the United States Supreme Court's decision in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). See also, Gilliard, 462 So.2d at 714-5. In addition, Cabello himself was not a member of any "cognizable racial group." Batson, 476 U.S. at 96, 106 S.Ct. at 1723, 90 L.Ed.2d at 87. Error is denied.

H. Trial counsel failed to object to improper actions by the prosecution.
Cabello argues that counsel was ineffective when it failed to object to references of Frank, Jr.'s trial, the fruits of the automobile search, leading questions, and inadmissible hearsay. The Court fully addresses these allegations in Sections I.(N), VII., and XIV, infra.
Cabello also cites counsel's failure to cross-examine several witnesses. Yet, since there is "no single, particular way to defend a client or to provide effective assistance," and courts are "reluctant to infer from silence an absence of strategy," this Court finds defense counsel's performance neither deficient nor prejudicial. Leatherwood, 473 So.2d at 969. Error is denied.

I. Trial counsel failed to move to suppress the purported identification of Cabello by Becky Settlemires.
Cabello claims that counsel "made only a half-hearted and ineffective motion to suppress the in-court identification" by Settlemires. Nevertheless, on direct appeal, this Court held that Settlemires' "in-court identification had not been tainted by undue suggestion and there was no substantial likelihood of irreparable misidentification." Cabello, 471 So.2d at 345. Error is denied.

J. Defense counsel failed to move for a continuance when the prosecution announced that Rico Cabello would be a witness.
Cabello maintains that counsel was ineffective, when it failed to ask for a *318 continuance following the trial judge's ruling, over objection, allowing Rico Cabello to testify, though his name was not listed as a witness until the first day of trial. The record, however, indicates that the trial judge gave counsel an opportunity to speak with Rico. Even Cabello admits that counsel had a "few hours" to interview Rico. Consequently, this Court is unable to find either deficient performance or prejudice, where the allegation goes merely to the length of the interview. Error is denied.

K. Trial counsel failed to produce expert witnesses.
Cabello contends that counsel's failure to secure expert witnesses prejudiced his defense, though counsel had moved to obtain funds for expert assistance, which the trial judge denied. In Johnson v. State, 476 So.2d at 1203, the Court noted that a reversal on this ground "will be granted only where the accused demonstrates that the trial court's abuse of discretion is so egregious as to deny him due process." Here, Cabello fails to prove either that the trial court abused its discretion or that counsel's failure to pursue expert assistance following the motion's denial, was deficient performance and prejudicial. See also, Merritt v. State, 517 So.2d 517, 518 (Miss. 1987) ("[T]here is no law requiring employment of a forensic pathologist as a prerequisite to defense counsel being considered constitutionally effective.") Error is denied.

L. Trial counsel's actions denied Cabello his right to testify in his own behalf.
Counsel advised Cabello not to testify at trial, since he would be subject to impeachment for his prior conviction. Now, Cabello claims that counsel was ineffective, denying him the right to testify, since the conviction was invalid. See, Sections III. and IX.
In this case, there is no suggestion that Cabello "insisted upon taking the stand and that he was prevented from doing so by counsel or the court." Merritt v. State, 517 So.2d 517, 520 (Miss. 1987). See also, Neal v. State, 525 So.2d 1279 (Miss. 1987); Culberson v. State, 412 So.2d 1184, 1186 (Miss. 1982). Rather, Cabello simply followed his counsel's advice.
Cabello complains that counsel was ineffective, since there was no investigation into the conviction's validity. In Strickland, 466 U.S. at 691, 104 S.Ct. at 2066, 80 L.Ed.2d at 695, the United States Supreme Court held that a "particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." In Cook v. Lynaugh, 821 F.2d 1072, 1078 (5th Cir.1987), the Fifth Circuit noted that the Constitution "imposes no general, per se duty on counsel to investigate whether a defendant's prior convictions were counseled." See also, Marks v. Estelle, 691 F.2d 730, 734-5 (5th Cir.1982). Under the facts of this case, there was nothing to indicate that an investigation into the conviction was warranted. Cf. Cook, 821 F.2d at 1078-9. Error is denied.

M. Trial counsel failed to make an opening statement.
Cabello claims that counsel's failure to make an opening statement evidenced ineffectiveness. In Gilliard, 462 So.2d at 716, this Court held that the decision to make an opening statement is "a strategic one." Yet, even were the Court to find the want of an opening statement somehow deficient, no prejudice resulted. Error is denied.

N. Trial counsel failed to object to mention of the trial of Frank Cabello, Jr.
Two witnesses made reference to the "court case here in Alcorn County, in July" or "to the trial in July" during which Frank, Jr. was tried and convicted for the same crime, despite a defense motion to prevent such comments. Counsel made no objections. See, Section I.(H). Under the circumstances, the failure to object could have represented a strategic decision to avoid additional comment. See, Wiley, 517 So.2d at 1380 (failure to object to closing *319 arguments presumed to be strategic). Error is denied.

II. Cabello was denied the effective assistance of counsel at the penalty phase of his trial in violation of the Sixth, Eighth and Fourteenth Amendments to the United States Constitution.
Next, Cabello argues that his case suffered due to the ineffective assistance of counsel during the sentencing phase of his trial. Still within the framework of Strickland, Cabello cites several errors.

A. Trial counsel failed to investigate mitigating evidence.
Cabello claims that his counsel was ineffective, when it failed to secure the testimony of family and friends as well as a psychologist, who could testify to Cabello's "emotional and physical traumas," for introduction as mitigating evidence. Instead, counsel relied upon Cabello's age and poor health.
Just as courts presume that counsel's decisions are strategic, so courts are reluctant to infer from silence a lack of strategy. Leatherwood, 473 So.2d at 969. Moreover, there is "no absolute duty to present mitigating evidence." Wiley, 517 So.2d at 1379. See also, Strickland, 466 U.S. at 699, 104 S.Ct. at 2070, 80 L.Ed.2d at 701 (decision not to seek more character and psychological evidence was reasonable), King v. State, 503 So.2d 271, 274 (Miss. 1987) (strategic decision not to call character witnesses).
In Wilcher v. State, 479 So.2d 710, 713 (Miss. 1985), this Court rejected post-conviction relief, where the movant failed to show prejudice, resulting from an inadequate investigation and presentation of mitigating evidence. Likewise, there is no prejudice shown in this case. Error is denied.

B. Trial counsel failed to inquire regarding the invalid 1955 conviction.
The Court fully addresses this allegation in Sections I.(L), III and IX. Error is denied.

C. Trial counsel failed to object to inflammatory statements made by the pathologist and the prosecution.
Cabello contends that counsel was ineffective, when it failed to object to Dr. McLees' testimony and the prosecution's closing arguments during the sentencing phase of the trial. See, Section XV. Yet, on direct appeal, the Court found that Dr. McLees "testified only as to medical facts," and that during closing arguments the prosecution "took great liberty but did not exceed its limits." Cabello, 471 So.2d at 346, 349. Error is denied.

D. Trial counsel failed to appeal the jury's failure to make a written finding that one of the circumstances enumerated in Miss. Code Ann. § 99-19-101(7) exists.
Cabello made this argument on direct appeal, which the Court found without merit. Cabello, 471 So.2d 345-6, 350. See, Section XXIII. Error is denied.

E. Trial counsel failed to submit proper instructions at the penalty phase.
Cabello claims that his counsel was ineffective, when it failed to request certain jury instructions. In fact, the Court addressed the "life option" instruction in Cabello, 471 So.2d at 348, finding no error. Also, Instruction S-1, relating to aggravating and mitigating circumstances, conforms to Miss. Code Ann. §§ 99-19-101, -103 (Supp. 1987), and allows the jury to consider "any other matter" in mitigation. Error is denied.

F. Trial counsel failed to object to the introduction of parole at the sentencing hearing.
When the prosecution introduced proof of the 1955 conviction for armed robbery, the document stated that the sentence of nine years was "subject to such a commutation as is allowed by law." Cabello maintains that counsel was ineffective for its failure to object to this oblique reference to parole. The Court is unable to find either *320 deficient performance or prejudice in this instance. Error is denied.

III. The introduction of an unconstitutional prior conviction against Cabello deprived him of his rights secured by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.
Cabello contends that the trial judge improperly admitted evidence of his 1955 conviction for armed robbery during the sentencing phase of his trial, one of four aggravating circumstances found by the jury pursuant to Miss. Code Ann. § 99-19-101(5) (Supp. 1987), claiming that it was exacted on an involuntary guilty plea without benefit of counsel. See, Sections I.(L) and IX. Cabello's failure to object at trial and/or to raise the issue on direct appeal constituted a waiver. Error is denied. § 99-39-21(1).[1]
Parenthetically, even were the Court to hold that the trial judge was in error, when admitting the evidence, it would still affirm the conviction and sentence. See, Johnson, 511 So.2d at 1337 (Miss. 1987) ("[T]he jury found three aggravating circumstances to support its verdict. Even if we conceded that the jury had no authority to consider this conviction, the remaining two aggravating circumstances were sufficient to support the jury's verdict."), Stringer v. State, 500 So.2d 928, 945 (Miss. 1986) ("[W]here a death penalty is supported by several aggravating circumstances, the invalidity of one of those circumstances will not constitutionally impair the sentence."), Irving, 498 So.2d at 314 ("[W]here the death penalty is based on more than one aggravating circumstance, invalidation of one may not invalidate the entire sentence.")

IV. The introduction against Cabello of the unconstitutionally suspect influence of his son's assertion of the Fifth Amendment in front of the jury deprived him of his constitutional rights.
The Court found this allegation to be without merit in Cabello, 471 So.2d at 350. Error is denied. § 99-39-21(3).

V. The State failed to provide the defense with exculpatory evidence which must be disclosed under the constitutional and statutory law.
Cabello's failure to raise the issue on direct appeal constituted a waiver. § 99-39-21(1). Moreover, Cabello fails to allege "such facts as are necessary to demonstrate that his [claim is] not procedurally barred under this section." § 99-39-21(6). Error is denied.

VI. The juries which indicted and convicted Cabello were unconstitutionally composed, excluding significant numbers of blacks and other cognizable social groups from the pools from which they were selected.
Cabello's failure to object at trial and/or to raise the issue on direct appeal constituted *321 a waiver. Error is denied. § 99-39-21(1).

VII. The evidence used against Cabello was taken pursuant to an illegal search warrant.
The Court fully addressed this allegation in Cabello, 471 So.2d at 344. Error is denied. § 99-39-21(3).

VIII. The purported identification of Cabello by the State's witness, Becky Settlemires, was inherently suspect and should have been suppressed.
The Court fully addressed this allegation in Cabello, 471 So.2d at 344-5. Error is denied. § 99-39-21(3).

IX. Cabello was denied his right to testify on his own behalf secured by the Fifth and Fourteenth Amendments to the United States Constitution.
Due to his prior criminal convictions, Cabello's attorneys advised him not to testify. Now contending that the prior convictions were unconstitutional, Cabello assigns his attorneys' advice as error. Consistent with Sections I.(L) and III., supra, error is denied.

X. The denial of a change of venue to the defense deprived Cabello of his right to a fair trial before an impartial jury.
The Court fully addressed this allegation in Cabello, 471 So.2d at 338-9. Error is denied. § 99-39-21(3).

XI. The abuse of his peremptory challenges by the prosecutor deprived Cabello of his right to equal protection and to a representative jury.
There is no evidence that Cabello objected to the prosecutor's peremptory challenges as discriminatory against members of a cognizable racial group prior to this motion for post-conviction relief. See, Section I.(G). In Irving, 498 So.2d at 317-8, the Court denied a similar allegation of error, where the movant first objected to the jury's racial composition, when he sought post-conviction relief. Significantly, this Court requires a contemporaneous objection at trial to prosecutorial misconduct, implicating Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). See, Lockett v. State, 517 So.2d 1317, 1331 (Miss. 1987), Jones v. State, 517 So.2d 1295, 1311 (Miss. 1987), Thomas v. State, 517 So.2d 1285, 1286 (Miss. 1987).

XII. The trial court impermissibly restricted voir dire in Cabello's case, preventing counsel from exploring areas crucial to the trial of his case.
Cabello's failure to object at trial and/or to raise the issue on direct appeal constituted a waiver. Error is denied. § 99-39-21(1).

XIII. The trial court erred in failing to instruct the jurors who expressed an opinion that indictment shifted the burden of proof to the defense that this was contrary to the requirements of the United States Constitution.
Cabello's failure to object at trial and/or to raise the issue on direct appeal constituted a waiver. Error is denied. § 99-39-21(1).

XIV. The prosecution's misconduct denied Cabello his right to a fair trial.
During the guilt phase, Cabello argues that the trial judge erred, when he allowed the prosecution to lead its witnesses; inject "highly prejudicial hearsay;" question Frank, Jr. about the crime at issue, knowing that he would assert the Fifth Amendment; elicit information of other crimes committed by Frank, Jr. and Rico; ask Rico to assemble a rifle; and disclose a "deal" with Rico to tell the truth. The Court fully addressed these allegations in Cabello, 471 So.2d at 339-41 and Section IV., supra.
Cabello also argues that the trial judge erred, when he allowed the prosecution to introduce "highly inflammatory information" implying that Cabello committed "fraud against motels all over the country," misstate the testimony of witnesses, when asking a question, threaten Rico with *322 the death penalty, and offer personal opinions in closing arguments. Cabello's failure to object at trial and/or to raise the issues on direct appeal constituted a waiver.
In each instance, error is denied. § 99-39-21(1) and (3).

XV. The actions of the prosecution at the penalty phase denied Cabello a fair and reliable sentencing hearing.
During the sentencing phase, Cabello contends that the trial judge erred when he admitted evidence of Cabello's 1955 conviction for armed robbery; permitted the prosecution to indulge in closing arguments, characterized as "travasties [sic] of the privilege of counsel;" and admitted Dr. McLees' testimony. The Court fully addressed these allegations in Cabello, 471 So.2d at 346-7, 349 and Sections II.(C) and III., supra.
Additionally, Cabello contends that the trial judge erred when he allowed the prosecution to lead its witnesses. Cabello's failure to object at trial and/or to raise the issues on direct appeal constituted a waiver.
In each instance, error is denied. § 99-39-21(1) and (3).

XVI. The jury which convicted Cabello and sentenced him to death was incompetent under the Constitution to make this determination.
Cabello's failure to object at trial and/or to raise the issue on direct appeal constituted a waiver. Error is denied. § 99-39-21(1).

XVII. The submission of the aggravating circumstance set forth in Miss. Code Ann. § 99-19-101(5)(d) violated Cabello's right to freedom from double jeopardy, and to a capital sentencing scheme which rationally identifies those who should be eligible for the death penalty.
The Court fully addressed this allegation in Cabello, 471 So.2d at 349-50. Error is denied. § 99-39-21(3).

XVIII. The submission of the aggravating circumstance set forth in Miss. Code Ann. § 99-19-101(5)(h) was unacceptably duplicitous and violated the constitutional prohibition against vagueness and overbreadth.
The Court fully addressed this allegation in Cabello, 471 So.2d at 349-50. Error is denied. § 99-39-21(3).

XIX. The submission of the aggravating circumstance set forth in Miss. Code Ann. § 99-19-101(5)(e) failed meaningfully to narrow the class of persons eligible for the death penalty, and was applied in an unconstitutionally overbroad manner.
The Court fully addressed this allegation in Cabello, 471 So.2d at 349-50. Error is denied. § 99-39-21(3).

XX. The instructions at the penalty phase failed to channel the discretion of the jurors in a manner consistent with the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.
Cabello contends that certain instructions, or their want, established error. The Court fully addressed several of these instructions in Cabello, 471 So.2d at 348-9. Cabello's failure to object at trial and/or to raise the remaining instructions on direct appeal constituted a waiver. In each instance, error is denied. § 99-21(1) and (3).

XXI. The commission of perjury by a prospective juror during voir dire requires that Cabello's conviction and sentence be reversed.
Cabello's failure to object at trial and/or to raise the issue on direct appeal constituted a waiver. Error is denied. § 99-39-21(1).

*323 XXII. Cabello was deprived of his right to an impartial jury when the trial court excused for cause jurors who did not meet the standard set forth in Fuselier v. State.

The Court fully addressed the substance of this allegation in Cabello, 471 So.2d at 345. Error is denied. § 99-39-21(3).

XXIII. The Eighth Amendment proscribes the imposition of the death penalty on one who neither kills, attempts to kill, nor intends to kill.
On direct appeal, Cabello argued that the jury's findings were insufficient to support the death penalty, citing Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982). See, Section II.(D). The Court fully addressed this allegation in Cabello, 471 So.2d at 345-6, stating:
The facts now before us are distinguishable from those upon which Enmund was decided. Specifically, we think unbelievable, in view of the evidence, the premise that sixteen-year-old Frank, Jr. single-handedly bound, gagged and strangled the adult male victim, while Frank, Sr. stood by and neither killed, attempted to kill, nor intended a killing or that lethal force would be employed to insure the robbery's success. Rather, the alternative inference is logical: that Cabello, the father and family leader, was the dominant party in the crime. We are of the opinion the Enmund shield does not extend to protect this defendant as revealed by the evidence.
Yet, on his motion for post-conviction relief, Cabello again asserts the insufficiency of the jury's findings. In Cabana v. Bullock, 474 U.S. 376, 392, 106 S.Ct. 689, 700, 88 L.Ed.2d 704, 720 (1986), the United States Supreme Court, noting that the "Eighth Amendment does not require that a jury make the findings required by Enmund," held that a death sentence may stand "provided only that the requisite findings are made in an adequate proceeding before some appropriate tribunal  be it an appellate court, a trial judge, or a jury." As quoted above, this Court found the Enmund bar inapplicable to the facts of this case. Error is denied.

XXIV. The implementation of the death penalty in Mississippi is fatally skewed by a discrimination against those who are accused of murdering white persons.
Cabello's failure to object at trial and/or to raise the issue on direct appeal constituted a waiver. Error is denied. § 99-39-21(1).

XXV. The accumulation of error in Cabello's trial and sentencing requires reversal of the penalty imposed upon him.
Consistent with the above, error is denied.
In conclusion, the Court wishes to draw counsel's attention to Miss. Code Ann. § 99-39-3(2) (Supp. 1987), which reads:
Direct appeal shall be the principal means of reviewing all criminal convictions and sentences, and the purpose of this chapter is to provide prisoners with a procedure, limited in nature, to review those objections, defenses, claims, questions, issues or errors which in practical reality could not be or should not have been raised at trial or on direct appeal.
Although the Court is aware of counsel's responsibilities, especially given the sentence in this case, it is pointless to relitigate issues previously asserted or waived.
MOTION DENIED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
NOTES
[1] § 99-39-21 (Supp. 1987) reads:

(1) Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.
(2) The litigation of a factual issue at trial and on direct appeal of a specific state or federal legal theory or theories shall constitute a waiver of all other state or federal legal theories which could have been raised under said factual issue; and any relief sought under this chapter upon said facts but upon difference state or federal legal theories shall be procedurally barred absent a showing of cause and actual prejudice.
(3) The doctrine of res judicata shall apply to all issues, both factual and legal, decided at trial and on direct appeal.
(4) The term "cause" as used in this section shall be defined and limited to those cases where the legal foundation upon which the claim for relief is based could not have been discovered with reasonable diligence at the time of trial or direct appeal.
(5) The term "actual prejudice" as used in this section shall be defined and limited to those errors which would have actually adversely affected the ultimate outcome of the conviction or sentence.
(6) The burden is upon the prisoner to allege in his motion such facts as are necessary to demonstrate that his claims are not procedurally barred under this section.