MYERS, J.,
for the Court:
¶ 1. Allen Clay was convicted in the Circuit Court of DeSoto County of obtaining a controlled substance by fraud and sentenced to serve five years in the custody of the Mississippi Department of Corrections. He appeals and raises the following issue:
I. THE CIRCUIT COURT ERRED IN ALLOWING A WITNESS TO TESTIFY TO MATTERS BEYOND THE WITNESS’S PERSONAL KNOWLEDGE AND WHERE ANY KNOWLEDGE WAS BASED UPON HEARSAY STATEMENTS OF OTHERS.
¶ 2. We find no reversible error and affirm the judgment of the circuit court.
FACTS
¶ 3. On July 15, 1999, James Randall, a pharmacist at Fred’s Pharmacy in Southa-ven, was given a prescription from the University of Arkansas Medical Center in Little Rock, Arkansas, for Percocet, a controlled narcotic. When he was unable to verify the information on the prescription, Randall refused to fill it. Randall then contacted Detective Mike Malone of the Southaven Police Department and gave him a description of the person who presented the prescription.
¶ 4. Detective Malone immediately went to the K & B Pharmacy across the street from Fred’s. Upon entering the store, Malone saw a man fitting the description Randall had given him “[pjretty much to a T’.” -Malone spoke with John Garner, the pharmacist at K & B, and requested that Garner verify the prescriptions given him by Allen Clay. Garner contacted the hospital in Arkansas and was told that the doctor who supposedly wrote the prescription was not on staff at the hospital and unknown to them. The prescription was filled, and Clay was followed outside and arrested.
¶ 5. According to Detective Malone, when Clay was being arrested, he told Malone “to be careful of his arms; that he was a junky.” An additional prescription was found on Clay at the time of his arrest and in his car was a prescription pad from the Regional Medical Center in West Helena, Arkansas. One of the prescriptions was supposedly written by “Dr. Patterson” from the West Helena medical facility. “Dr. Patterson” was also the name on the prescription from Little Rock.
¶ 6. Detective Malone testified that Clay told him that the names on the prescriptions, both the doctors and the person for whom the prescriptions were to be filled, were “all just fictitious names that he made up.”
¶ 7. Clay’s appeal concerns the testimony of John Garner, the K & B pharmacist. Garner was asked whether the prescriptions presented by Clay were forged. This testimony was objected to initially on the grounds that “they haven’t set the predicate for it” and on the grounds that Garner did not have “personal knowledge” about the forgery. Clay’s attorney stated to the court that he would like to know *138 how Garner knew the prescription was a forgery. The court then told the State to ask Garner how he knew it was a forgery.
¶ 8. Garner was then asked to explain how he verified that the prescription was a forgery. Garner testified that the doctor who supposedly wrote the prescription was not on the staff of the Arkansas medical center and that he did not write the prescription. After Clay made additional objections to hearsay testimony, the prosecution stated that it did not introduce hearsay until instructed to do so by the trial court. On cross-examination, Garner was questioned extensively about his lack of personal knowledge about either the patient or the doctor whose names appeared on the prescription.
¶ 9. The defense rested without presenting any witnesses.
ARGUMENT
¶ 10. John Garner testified that a prescription from a hospital in Arkansas was a forgery. Garner lacked personal knowledge on which to base this conclusion. He relied upon a telephone conversation that he had with a doctor at the Arkansas hospital. Garner testified that the doctor told him that the name on the prescription did not match the name of any doctor working at the hospital. Mississippi Rules of Evidence 602 states that “[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he had personal knowledge of the matter.” The testimony was based entirely upon hearsay, and is therefore inadmissible.
¶ 11. The State argues that Clay provoked the statements in question by requesting that the State “set the predicate,” and thus the statements were admissible. Fairley v. State, 349 So.2d 1050, 1052 (Miss.1977). However, Clay did not provoke the conclusion made by Garner that the prescription was a forgery. Rather, that statement was brought about by the State’s examination of Garner. Clay simply asked for the conclusion to be substantiated. The rule in Fairley does not apply to these circumstances. Id.
¶ 12. The State also cites established law that cross-examining a witness about the substance of objectionable hearsay waives objection to the admission of such evidence on appeal. Sumner v. State, 316 So.2d 926, 927 (Miss.1975). This law has no bearing on the facts of the case now before us. Clay cross-examined Garner, but such examination did not reach the substance of the hearsay. Rather, Clay was simply attempting to show that the statement did not reflect Garner’s personal knowledge and was therefore inadmissible hearsay.
¶ 13. Garner’s testimony regarding the forgery was inadmissible, and admitting it into evidence constituted error. However, this error does not warrant reversal of the conviction, because there was other evidence sufficient for the jury to find that the prescription was a forgery. Particularly damaging to Clay is Detective Malone’s testimony that Clay confessed that the prescriptions were forgeries. We also have testimony that Clay had in his possession a blank prescription pad from a hospital some distance from Little Rock. This evidence together with the testimony by both Garner and Randall that Clay presented the prescriptions for filling was sufficient to support a conviction.
¶ 14. We therefore find that there is no cause for disturbing the judgment entered by the Circuit Court of DeSoto County.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF OBTAINING A CONTROLLED SUBSTANCE BY FRAUD AND SENTENCE OF FIVE *139 YEARS IN THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, MOORE, PAYNE, AND THOMAS, JJ., CONCUR. LEE, J„ CONCURS IN RESULT ONLY. KING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY IRVING, J.