912 So.2d 154 (2005)
Ray Herman TACONI, Jr., Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KA-02133-COA.
Court of Appeals of Mississippi.
June 28, 2005.
Rehearing Denied October 11, 2005.
*155 Billy Parlin, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before KING, C.J., IRVING and GRIFFIS, JJ.
KING, C.J., for the Court.
¶ 1. Ray Taconi, Jr. was found guilty in the Circuit Court of Harrison County of sexual battery. He was sentenced to a term of six years in the custody of the Mississippi Department of Corrections. Aggrieved by his conviction, Taconi raises the following issues which we quote verbatim:
I. The trial court erred when he allowed the Prosecuting Attorney to refer to the complaining witness as a "victim[,]" particularly when the judge had ruled favorably for the defense on a motion in limine filed by the defense to preclude the Prosecutor from referring to the complaining witness as a "victim."
II. The [t]rial [c]ourt abused its descretion [sic] when it granted the motion of the Prosecution "in limine" which precluded the Defense from using an audio tape recording to corroborate the testimony of the Defendant, which tape contained evidence of a highly probative value and would have supported the Defendant's testimony as to the sequence of events involved in the prosecution.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On March 4, 2001, Ms. Johnson[1] and her boyfriend, Michael Smith went to a bar for drinks in the building where Smith lived in Biloxi. Afterwards, Johnson and Smith went back to Smith's apartment, and entered Smith's bedroom where they subsequently retired for the evening.
*156 ¶ 4. According to Johnson, she had fallen asleep and was awakened by the feel of someone's fingers inside her vagina. Johnson indicated that she looked at Smith and realized that he was sound asleep. Once Johnson turned around, she saw Taconi, Smith's roommate, next to her side of the bed with his face in front of her.
¶ 5. Johnson testified as follows:
We went to sleep. And I was awakened because there were fingers in my vagina and it startled me. And Michael knew I did not like to be touched when I slept, and it just  You know, you're sleeping I just  and that startled me. And I turned thinking it was Michael, and he was really asleep, you know, kind of with his mouth open, and I knew it wasn't him. And I turned real quick like this, and Ray's face was right there over my face. And I freaked out. And I said  I don't want to curse, but I cursed.
¶ 6. Johnson's screaming awakened Smith, who asked what had occurred. Taconi stated that he had come into the room to tell Johnson that her daughter had called.
¶ 7. Johnson testified that Taconi was not telling the truth. Smith also stated that he checked the caller-id box on the telephone and indicated that no call was listed from Johnson's daughter.
¶ 8. Johnson's daughter testified that her mom and Smith had asked her whether she had called Smith's telephone number on March 3 or 4 trying to contact her mom. Johnson's daughter indicated that she had not called her mom at that time.
¶ 9. Taconi testified that he entered Smith's bedroom to deliver a message to Johnson and that he did not place his fingers in Johnson's vagina.
¶ 10. Taconi was found guilty of sexual battery on March 6, 2003, and sentenced to a term of six years in the custody of the Mississippi Department of Corrections.

ISSUES AND ANALYSIS

I.

Whether the trial court erred in allowing the prosecution to refer to the complaining witness as a "victim."
¶ 11. Taconi contends that the trial court erred in allowing the prosecution to refer to Johnson as a "victim" because the trial judge had previously granted Taconi's pretrial motion in limine that the prosecution be precluded from referring to Johnson as a "victim."
¶ 12. Taconi's attorney explained to the trial judge that by calling Johnson a victim, the jury could possibly infer that the conduct alleged actually happened before evidence had even been presented to the jury to determine such. The trial judge then indicated to the prosecution that Johnson may be referred to as the "alleged victim."
¶ 13. The prosecution used the word "victim" several times during closing argument.
¶ 14. Taconi claims the use of the term negated his "presumption of innocence" and "creates a bias in that it assumes a commission of a crime prior to any determination has been made by the jury...."
¶ 15. The State contends that the trial court's decision was not error because (1) Johnson had testified that Taconi placed his fingers inside her vagina without her consent, thereby characterizing her as a "victim," (2) Johnson identified Taconi as the perpetrator which diluted the presumption of his innocence, (3) the court presented jury instructions C-1[2] and C-3,[3] *157 which cured any error and prevented prejudice to Taconi, and (4) Taconi's objection came too late.
¶ 16. The trial judge addressed the concerns of Taconi's attorney and asked the prosecution not to call Johnson "the victim" but instead to refer to her as the "alleged victim." The trial judge took action to prevent undue prejudice to Taconi.
The trial judge "is in the best position for determining the prejudicial effect" of an objectionable remark by either the prosecutor or a witness. Where "serious and irreparable damage" has not resulted, the judge should "admonish the jury then and there to disregard the impropriety." The jury is presumed to have followed the admonition of the trial judge to disregard the remark. "It is well settled that when the trial judge sustains an objection to testimony and he directs the jury to disregard it, prejudicial error does not result."
Wilson v. State, 797 So.2d 277(¶ 13) (Miss. Ct.App.2001) (citations omitted).
¶ 17. The State also claims that due to Taconi's untimely objection, he appears to have abandoned his motion in limine. During closing argument, the prosecution had made several references to Johnson as a "victim" before Taconi's attorney objected to the use of the term.
¶ 18. "The rule governing the time of objection to evidence is that it must be made as soon as it appears that the evidence is objectionable, or as soon as it could reasonably have been known to the objecting party, unless some special reason makes a postponement desirable for him which is not unfair to the proponent of the evidence." Sumner v. State, 316 So.2d 926, 927 (Miss.1975).
It is now well settled that when anything transpires during the trial that would tend to prejudice the rights of defendant, he cannot wait and take his chances with the jury on a favorable verdict and then obtain a reversal of the cause in this Court because of such error, but he must ask the trial court for a mistrial upon the happening of such occurrence when the same is of such nature as would entitle him to a mistrial.
Blackwell v. State, 44 So.2d 409, 410 (1950). The Court finds this issue to be without merit.

II.

Whether the trial court erred in failing to admit an audio tape recording into evidence.
¶ 19. Taconi claims the trial court erred when it failed to admit an audio tape recording of a telephone message, which was left by Johnson's daughter, into evidence. Taconi argues that the recording should have been allowed into evidence because the recording would have supported his testimony.
*158 ¶ 20. Johnson testified that the message Taconi was referring to, was left on the machine several days prior to the incident and that she had already returned her daughter's call as a result of that particular message.
¶ 21. Smith also testified that the message Taconi was referencing had been left several days prior to the incident. Both Johnson and Smith telephoned Johnson's daughter the next morning after the incident to determine whether Johnson's daughter had called. Johnson's daughter testified that she told both of them (Smith and Johnson) that she had not called.
¶ 22. "The relevancy and admissibility of evidence are largely within the discretion of the trial court and reversal may be had only where that discretion has been abused." Parker v. State, 606 So.2d 1132, 1136 (Miss.1992). The supreme court deems reversal appropriate when the trial court has abused its discretion such that the accused is prejudiced. Vaughn v. State, 759 So.2d 1092(¶ 24) (Miss.1999).
¶ 23. Taconi attempted to qualify and authenticate the tape recording outside the jury's presence. The transcript reflects the following:
BY MR. PARLIN (Taconi's attorney):
Q. Do you know what this recording is?
A. Yes, sir.
Q. What is that recording?
A. First part of it is where her daughter calls; and the second part of it is Michael talking to 
Q. All we're concerned with now is the first part.
A. Yeah, it's where she calls.
Q. So are you telling the Court this is a recording that was  that has [Johnson's daughter's] voice on it telling her mother to call?
A. Yes.
Q. And that's basically what you're saying?
A. Yes.
MR. PARLIN: Okay, Your Honor.
THE COURT: How is that qualified to come in?
MR. PARLIN: Same situation where [Johnson's daughter] said that she didn't make the call.
THE COURT: Can you qualify it as to when it was made, the date,
MR. PARLIN: No, sir.
THE COURT:  time, or anything?
MR. PARLIN: No, we can't.
THE COURT: Then it can't come in, then.
¶ 24. The State objected to the tape's entry into evidence based on (1) that the best witness would be the author of the voice on the tape, Johnson's daughter, who testified that she did make a call to her mom several days prior to the incident and (2) the tape recording had not been qualified as to the date and time it was made. The State's objection was sustained.
¶ 25. The record reveals that the tape in question had not been properly qualified as to the date and time it was made to be admitted in evidence by the defense. The Court affirms the trial court's decision to exclude the admissibility of the tape.
¶ 26. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF SIX YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
*159 BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] For purposes of this opinion, the victim's name has been changed.
[2] Instruction C-1 provides in part: Arguments, statements and remarks of counsel are intended to help you understand the evidence and apply the law, but are not evidence. If any argument, statement or remark has no basis in the evidence, then you should disregard that argument statement or remark.
[3] Instruction C-3 provides: The law presumes every person charged with the commission of a crime to be innocent. This presumption places upon the State of Mississippi the burden of proving the defendant guilty of every material element of the crime with which he/she is charged. Before you can return a verdict of guilty, the State must prove beyond a reasonable doubt that the Defendant is guilty.

The presumption of innocence attends the Defendant throughout the trial and prevails at its close unless overcome by evidence which satisfies the jury of his/her guilty beyond a reasonable doubt. The defendant is not required to prove his/her innocence.