## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-DR-01389-SCT

*JESSIE DERRELL WILLIAMS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/20/90 |
| TRIAL JUDGE: | HON. DARWIN M. MAPLES |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | TOM SUMRALL |
| | CHESTER NICHOLSON |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LESLIE LEE |
| DISTRICT ATTORNEY: | DALE HARKEY |
| NATURE OF THE CASE: | CRIMINAL - DEATH PENALTY - POST CONVICTION RELIEF |
| DISPOSITION: | DENIED - 9/17/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, JUSTICE, FOR THE COURT:**

### I.

¶1. Jesse Derrell Williams was tried in 1983 for capital murder while engaged in the commission of a kidnaping. The facts showed that, following a night of alcohol and drug use, Williams tackled Karen Ann Pierce and dragged her into a wooded area where he slashed her throat with a hunting knife and excised her anus and vagina while she was still alive. Williams was found guilty and sentenced to death. On direct appeal, the conviction for capital murder was affirmed but the case was remanded for a new trial on the sentencing phase. ***Williams v. State***, 544 So. 2d 782 (Miss. 1987). On remand, a jury again found that Williams should receive the death penalty. The death sentence was affirmed on direct appeal. ***Williams v. State***, 684 So. 2d 1179 (Miss. 1996). Execution was stayed by the United States District Court after Williams filed a motion for federal habeas relief.

¶2. As to the underlying conviction, Williams filed an application to seek post-conviction relief which

was denied by this Court. ***Williams v. State***, 669 So. 2d 44 (Miss. 1996). On November 17, 1997, Williams filed another application for leave to seek post-conviction relief. This petition alleges ineffective assistance of counsel at trial. Tom Fortner represented Williams at trial and on direct appeal. Fortner also filed the initial motion for post-conviction relief. The present motion alleges that Fortner rendered ineffective assistance of counsel for failure to raise certain objections such that the issues were procedurally barred from reconsideration. The motion also asserts that Fortner committed other professional errors not readily apparent from the record.

¶3. We find no merit to any of these assertions and therefore deny the application for leave to seek post-conviction relief and the accompanying motion for leave to proceed in forma pauperis.

## II.

¶**4.** One who claims ineffective assistance of counsel must show not only the deficiency of counsel's performance but also that any such deficiency constituted prejudice to the defense. ***Walker v. State***, 703 So. 2d 266, 268 (Miss. 1997). The test is adopted from the federal case of ***Strickland v. Washington***, 466 U.S. 668, 687 (1984). There is a "rebuttable presumption that counsel's performance falls within the broad spectrum of reasonable professional assistance." ***Moody v. State***, 644 So. 2d 451, 456 (Miss. 1994)(quoting *Stringer v. State*, 627 So. 2d 326,328-29 (Miss. 1993)).

### I. COUNSEL FAILED TO OBJECT AT TRIAL OR IN HIS MOTION FOR A NEW TRIAL TO THE FAILURE OF THE TRIAL COURT TO INSTRUCT THE SENTENCING JURY ON KIDNAPING AND ITS ELEMENTS.

¶5. Williams claims that the jury was given an instruction that identified kidnaping as an aggravating circumstance but failed to instruct the jury as to the elements of kidnaping. Williams now argues that counsel's failure to lodge an objection at the sentencing phase constituted ineffective assistance of counsel. The underlying issue of whether the jury was properly instructed was thoroughly considered on direct appeal. ***Williams***, 684 So. 2d at 1187. Although this Court found the issue to be procedurally barred, it nonetheless went on to explore the merits of the claim. The Court specifically held that "[t]he omission of the kidnaping instruction in the resentencing phase was cured by that first jury's conviction of murder and kidnaping, which by necessary implication allowed the resentencing jury to consider whether Williams was guilty of the underlying felony of kidnaping for aggravator purposes." ***Id***. at 1188.

¶6. If the issue was without merit, then the failure to raise an objection cannot be considered ineffective assistance of counsel because no prejudice could result from such an omission. Further, this Court has held that a claim previously decided on its merits on direct appeal cannot be re-litigated as a claim of ineffective assistance of counsel. ***Foster v. State***, 687 So. 2d 1124, 1129 (Miss. 1996). This issue is without merit.

### II. COUNSEL RAISED THREE ISSUES WITH RESPECT TO THE ADEQUACY OF INSTRUCTION S-3 FOR THE FIRST TIME ON DIRECT APPEAL.

¶7. Jury instruction S-3 contained the "especially heinous, atrocious or cruel" aggravating factor authorized by Miss. Code Ann. § 99-19-101(5)(h)(1994). Williams argued on direct appeal of his second sentencing trial that: (1) the instruction failed to speak exclusively to his moral culpability; (2)

the instruction mandated to the jury that Williams had, in fact, used a method of killing that caused serious mutilation; and, (3) the instruction was unconstitutional because it was worded disjunctively("or") rather than conjunctively("and"). Although the issue was found to be procedurally barred on direct appeal for failure to make a contemporaneous objection, this Court still explored the issue on the merits and rejected the claim. Williams now asserts that the Court did not "adequately and realistically deal with these issues" and that the opinion did not "indicate clearly and expressly that it is alternatively based on bona fide separate, adequate and independent grounds." The Court's opinion, however, quite clearly held:

> Alternatively, while not waiving this procedural bar, we independently address these issues and find no merit in the other claimed inadequacies of S-3. Williams finds fault with parts of the instruction and certain words in the instruction such as lack of a mens rea requirement, an alleged directed verdict requirement, and the use of the word "or" which he says allows the jurors to find the aggravating circumstances without unanimity. While creative, these contentions have no basis and are without merit. After many challenges to the definition of the 5(h) aggravator and its limiting instructions, this Court's approval of an almost identical instruction in *Conner* mandates approval of the instruction. *Conner*, 632 So. 2d at 1271. The trial court correctly submitted S-3 to the jury to guide it in its determination of the 5(h) aggravator. There is no merit to this issue.

*Williams*, 684 So. 2d at 1193. The issue was found to be unequivocally without merit because a nearly identical instruction had been upheld by this Court in *Conner v. State*, 632 So. 2d 1239 (Miss. 1993). The claim cannot be raised again in the guise of a claim of ineffective assistance of counsel. *Foster*, 687 So. 2d at 1129.

### III. COUNSEL FOR PETITIONER RAISED A PROSECUTORIAL MISCONDUCT CLAIM ON DIRECT APPEAL FOR THE FIRST TIME.

¶8. Although a contemporaneous objection was not made at the re-sentencing trial, counsel nonetheless claimed for the first time on direct appeal that improper comments by the prosecutor denied the defendant a fair trial. Even though this Court considered and rejected the merits of the claim, Williams maintains that he was prejudiced by counsel's failure to preserve the alleged errors because of their cumulative effect. Williams argued on direct appeal that: (1) the prosecutor improperly referred to the victim's family during closing argument; (2) the prosecutor improperly commented on the likelihood of appellate review during closing argument; (3) the prosecutor improperly asked jurors during voir dire if they would promise to give the death penalty if the State proved its case; (4) the prosecutor made inflammatory comments to the jury (e.g., referring to Williams as an "animal"); and, (5) the prosecutor improperly referred to facts not in evidence (i.e., stating that the victim may have been incapacitated by her drugs placed in her drink either by herself, "or in my opinion more likely put there by the animal she was with.").

¶9. Without waiving the procedural bar, the Court carefully examined each one of these contentions on direct appeal and found them all to be without merit. *Williams*, 684 So. 2d at 1202-06. It follows that there can be no prejudice from the failure to properly preserve these issues for appellate review if the alleged errors are without merit. It is therefore not possible to show prejudice under the second prong of the *Strickland* test, i.e., that the outcome of the trial would have been different had the

objections been made to each of the challenged comments. In the absence of any error at all, there can be no cumulative error which might have prejudiced Williams and, as stated previously, a claim may not be recast as ineffective assistance of counsel claim once it already has been decided on direct appeal. *Foster*, 687 So. 2d at 1129.

> ### IV. COUNSEL WAS DEFICIENT IN NOT REQUESTING AND OBTAINING A PATHOLOGIST FOR THE DEFENSE AND GETTING A SECOND OPINION, WITH THE PROSPECT OF HAVING THE PATHOLOGIST TESTIFY AT THE HEARING IF HIS OPINION CHALLENGED THAT OF THE STATE'S EXPERT.

¶10. A State expert testified that the victim's body had been mutilated while she was still alive and this testimony was offered to prove that the killing was especially heinous, atrocious or cruel. Williams speculates that a second opinion might have differed from that of the State's expert and thereby "taken much of the sting from this aggravator." Williams' contention that the victim might already have been dead is completely unsupported by any affidavit as required Miss. Code Ann. § 99-39-9(1)(e)(1994). The record shows that trial counsel did, in fact, obtain a forensic scientist to review the State's pathology report, however, this expert was not called as a witness. The Fifth Circuit recently held that "'[t]he failure to present a case in mitigation during the sentencing phase of a capital trial is not, per se, ineffective assistance of counsel.'" *Williams v. Cain*, 125 F.3d 269, 277 (5th Cir. 1997), citing *Stringer v. State*, 862 F.2d 1108,1116 (5th Cir. 1998). This issue is also without merit.

> ### V. COUNSEL WAS INEFFECTIVE FOR FAILING TO CALL ADDITIONAL WITNESSES AT THE POST-CONVICTION RELIEF HEARING WHEN CHALLENGING THE TRIAL TESTIMONY OF CO-DEFENDANT THOMAS TERRELL EVANS.

¶11. Williams asserts that the district attorney coerced the perjured testimony of Evans by threatening to pursue the death penalty if he did not testify against Williams. Williams attaches the affidavits of Evans and others which state that Evans struck a deal wherein he would testify against Williams in exchange for a plea to a lesser charge. Williams claims that counsel was ineffective for failing to call witnesses other than Evans who declined to recant his prior testimony at the hearing. This Court has already considered and rejected the merits of Williams' contention that Evans' testimony was coerced and perjured. *See Williams v. State*, 669 So. 2d 44 (Miss. 1996). Despite the procedural bar, the Court nonetheless analyzed the claim on its merits and found it lacking. In a death penalty case, the admission of perjured testimony mandates a new trial only where there is a reasonable probability that a different result would be reached in the new trial without the perjured testimony. *Smith v. State*, 492 So. 2d 260, 264 (Miss. 1986). The Court found that the affidavits recanting Evans' testimony were insufficient to warrant post-conviction relief. *Williams*, 669 So. 2d at 53-55. The Court specifically held

> In the case *sub judice*, we hold that there is no reasonable probability that a different result would be reached in a new trial, even assuming that Evans' initial testimony against Williams was perjured. In this case, Evans' 1985 recantation combined with the surrounding facts cannot undermine the court's confidence in the correctness of the outcome at trial.

*Id*. at 53.

¶12. The standard of acceptable performance by an attorney is the same for appellate performance as it is for trial performance. *Foster v. State*, 687 So. 2d 1124, 1138 (Miss. 1996). One who claims ineffective assistance of counsel must show both professional error and resulting prejudice. It is clear that there is no constitutional entitlement to errorless counsel. *Cabello v. State*, 524 So. 2d 313, 315 (Miss. 1988). Even assuming for the sake of argument alone that Williams' counsel was deficient in failing to call other witnesses to show that Evans' testimony was perjured, this Court has already held that there was no prejudice as contemplated by *Strickland* that would have warranted a new trial. If a post-conviction claim fails on either of the *Strickland* prongs, the inquiry ends. *Foster*, 687 So. 2d at 1130 (citing *Neal v. State*, 525 So. 2d 1279, 1281 (Miss. 1987)). Williams' claim of ineffective assistance of counsel is without merit.

## VI. WILLIAMS WAS DENIED HIS RIGHT TO TESTIFY AT TRIAL.

¶13. This claim relates to the guilt phase of Williams' trial and is now procedurally barred pursuant to Miss. Code Ann. § 99-39-27(9)(1994) as a successive writ. As a practical matter, the trial transcript shows that Williams was fully informed of his right to testify in his own behalf. After the defense rested its case, the following exchange took place.

> BY THE COURT: And now, your attorneys have announced that they are resting without putting on any evidence, and that includes you not testifying in your own behalf. Have you discussed this with your attorneys?
>
> BY THE DEFENDANT: Yes, sir, I have.
>
> BY THE COURT: And are you in agreement that you not testify in your own defense in this trial?
>
> BY THE DEFENDANT: Yes, sir, I am.
>
> BY THE COURT: Alright. So, you are freely and voluntarily and knowingly waiving your right to testify in your own defense?
>
> BY THE DEFENDANT: Yes, sir.

¶14. This issue is completely without merit.

## CONCLUSION

¶15. The application for leave to seek post-conviction relief in the trial court and the motion to proceed in forma pauperis are denied.

¶16. **APPLICATION FOR POST-CONVICTION RELIEF AND MOTION TO PROCEED IN FORMA PAUPERIS DENIED .**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, ROBERTS, MILLS AND WALLER, JJ., CONCUR. McRAE, J., NOT PARTICIPATING.**