# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 95-KP-00723-SCT

*THOMAS EARL WRIGHT a/k/a "BALDIE"*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/15/95 |
| TRIAL JUDGE: | HON. HENRY LAFAYETTE LACKEY |
| COURT FROM WHICH APPEALED: | CALHOUN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY | LAWRENCE L. LITTLE |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 7/17/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/7/97 |

**BEFORE DAN LEE, C.J., PITTMAN AND ROBERTS, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

Thomas Earl Wright appeals the dismissal of his petition for post-conviction relief. On April 19, 1993, Wright and Larry Gaston were indicted for conspiracy to sell and for the sale of crack cocaine to undercover agent Frazial Williams. On August 2, 1993, Wright pled guilty to both charges and received fifteen (15) years imprisonment. Thereafter, Wright filed a petition for post-conviction relief. On June 15, 1995, Calhoun County Circuit Court Judge Henry Lafayette Lackey entered an order dismissing Wright's petition, although no evidentiary hearing had been held. Subsequently, Wright filed this appeal on July 13, 1995. Aggrieved by the disposition below, Wright asks this Court to review the following issues:

**I. WHETHER THE GUILTY PLEA WAS FREELY, WILLINGLY, VOLUNTARILY,**

**KNOWINGLY AND INTELLIGENTLY MADE?**

**II. WHETHER WRIGHT'S COUNSEL WAS INEFFECTIVE?**

**III. WHETHER WRIGHT WAS INFORMED OF THE ELEMENTS OF CONSPIRACY AND INFORMED OF THE SENTENCING DEFENSE?**

**IV. WHETHER THE TRIAL COURT INFORMED WRIGHT OF THE MAXIMUM AND MINIMUM SENTENCE OF EITHER CHARGE?**

**V. WHETHER THE TRIAL COURT ERRED WHEN IT DISMISSED WRIGHT'S PETITION?**

## STATEMENT OF THE FACTS

On August 5, 1992, Agent Frazial Williams offered to buy $40 of crack cocaine from Larry Gaston, however, because Gaston only had $20 of cocaine, Gaston asked for and received another $20 of cocaine from Wright. On April 19, 1993, Wright and Gaston were indicted for conspiracy to sell cocaine and for the sale of cocaine.

## COUNT I

That **LARRY GASTON AKA "DREADLOCK" AND THOMAS EARL WRIGHT AKA "BALDIE"** late of the County and State aforesaid, on or about the 5th day of August, 1992, in the County and State aforesaid, and within the jurisdiction of this Court, did unlawfully, willfully and feloniously conspire with each other to commit the crime of Sale of a Controlled Substance, to-wit Cocaine, by conspiring together to sell cocaine to Frazial Williams, in the aforesaid County and State, in violation of the provisions of Section 97-1-1 of the Mississippi Code of 1972, Annotated, as amended, which offense is punishable by imprisonment not exceeding five (5) years, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Mississippi.

## COUNT II

That **LARRY GASTON AKA "DREADLOCK" AND THOMAS EARL WRIGHT AKA "BALDIE"** late of the County and State aforesaid, on or about the 5th day of August, 1992, in the County and State aforesaid, and within the jurisdiction of this Court, did unlawfully, willfully, feloniously, knowingly and intentionally, without authority of law, sell and/or transfer a certain controlled substance, to-wit cocaine, which is a schedule II controlled substance as provided for by Section 41-29-115 (A)(a)(4) of the Mississippi Code of 1972, Annotated, as amended, to Frazial Williams, and did receive from the said Frazial Williams the sum of Forty Dollars ($ 40.00) in good

and lawful money of the United States of America for the said controlled substance, in violation of the provisions of Section 41-29-139 (a) of the Mississippi Code of 1972, Annotated, as amended, which offense is punishable by imprisonment not exceeding thirty (30) years and a fine not less than One Thousand Dollars ($1,000.00) and not exceeding One Million Dollars ($1,000,000.00) or both, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Mississippi.

On May 19, 1993, Wright's counsel, Paul M. Moore, Jr., filed discovery and asked the State to disclose: (1) names of all witnesses to be offered by the prosecution at trial; (2) a copy of any recorded statement made by Wright to any law officer; (3) a copy of Wright's criminal record; (4) a copy of all statements purportedly made by Wright to third parties; (5) all physical or documentary evidence to be offered into evidence at trial by the prosecution; (6) all reports, scientific tests or comparisons in the control of the prosecution; (7) all exculpatory evidence or other evidence in the possession of the prosecution favorable to Wright on the issue of guilt; (8) all books, papers, documents, photographs or tangible objects in the possession of the prosecution obtained from Wright; and (9) the entire file maintained by each law enforcement agency which investigated any aspect of this case. On June 28, 1993, the state responded to the discovery request.

On July 20, 1993, Gaston petitioned the circuit court to accept his guilty pleas to both charges. Wright's trial was scheduled to begin August 3, 1993, and summons were issued for the State's witnesses. However, on August 2, 1993, Wright petitioned the circuit court to accept his guilty pleas to both charges. Wright signed the petition which stated: (1) that he understood he had a right to a speedy trial and that he waived that right by pleading guilty; (2) that he understood he was charged with the crimes of conspiracy to sell and the sale of cocaine and he would plead guilty to both charges; (3) that he did commit the crimes of conspiracy to sell and sale of cocaine; (4) that his plea had not been induced by anyone; (5) that he voluntarily entered the guilty plea because he was guilty and for no other reason, and that he had been informed of the maximum sentence the circuit court can impose for both charges; (6) that he was mentally competent and that he fully understood the plea and no reason existed for the circuit court to not accept his plea; and (7) he has read the petition and understood its subject matter.

On August 3, 1993, Judge Lackey conducted a plea hearing in which Wright was assisted by Moore. Wright acknowledged that he petitioned the court to enter a guilty plea and that he understood and signed the petition after discussing its contents with his attorney. The circuit court informed Wright of his right to a speedy trial, and the right to a jury trial in which twelve members of the jury would have to be convinced beyond a reasonable doubt of his guilt before a guilty verdict could be imposed upon him. Wright stated he understood and that he wished to waive those rights by the entry of a guilty plea. Also, Wright stated he understood he was waiving the right to cross-examine witnesses, present a defense and appeal to the Mississippi Supreme Court. Wright stated that he was 23 years old, mentally competent, was not under the influence of alcohol or drugs and that he had not been forced, threatened or coerced to enter the guilty plea. Wright stated that he had been informed of the maximum and minimum sentences that could be imposed. Wright stated that he was currently incarcerated for another conviction, and that he was voluntarily and freely entering the guilty plea to both charges, because he is guilty and for no other reason. Finally, Wright affirmatively answered that he had made the crack cocaine sale to Agent Williams.

The circuit court asked Wright's attorney, Moore, if he knew of any reason for the court not to accept the guilty plea. Moore responded that based upon the evidence disclosed by the State and conversations with Wright that there was no reason for the circuit court not to accept the guilty plea. The State recommended a fifteen (15) year sentence to run concurrent with the sentence that Wright was already serving. The circuit court then accepted the recommendation and entered the order on August 3, 1993. On April 25, 1994, Wright filed a petition for post-conviction relief, stating: (1) that he was not informed of the elements of conspiracy to sell and sale of cocaine; (2) that he was not informed of his Constitutional rights and the effect of his guilty plea upon those rights; (3) that the State did not establish that Wright understood his Constitutional rights; (4) that Wright did not acknowledge his guilt to the charges, and that he did not enter any plea to those charges; (5) that no factual basis was established for the entry of the plea; (6) that Wright was not informed of the maximum and minimum sentences he could receive for each charge; (7) that Wright's attorney was ineffective because he did not raise Wright's Constitutional right to a speedy trial, did not provide Wright an opportunity to respond to the indictment and that defense counsel did not present a sentencing defense.

On October 31, 1994, Wright filed a motion and asked the circuit court to dismiss his petition. On June 15, 1995, Calhoun County Circuit Court Judge Henry Lafayette Lackey entered an order which dismissed Wright's petition and found that an examination of the petition revealed that Wright was not entitled to any relief. Judge Lackey's dismissal order does not address and does not seem to rely on Wright's motion to dismiss the petition. Subsequently, Wright filed this appeal on July 13, 1995.

## DISCUSSION OF THE ISSUES

## I. WHETHER THE GUILTY PLEA WAS FREELY, WILLINGLY, VOLUNTARILY, KNOWINGLY AND INTELLIGENTLY MADE?

In reviewing a trial judge's decision our standard of review is clear. This "heavily fact-laden inquiry" should not be set aside absent a determination that the trial judge's finding was clearly erroneous. *Tokman v. State*, 564 So. 2d 1339, 1341 (Miss. 1990); *Merritt v. State*, 517 So. 2d 517, 520 (Miss. 1987); *Anderson v. Bessemer City*, 470 U.S. 564, 572 (1985).

Wright contends that he did not freely and voluntarily enter the guilty plea. This statement is the entire argument made by Wright upon this issue. Wright offers no other statement or any evidence in support. At the plea hearing and in his petition, Wright stated that he did freely and voluntarily enter the guilty plea for no other reason than his actual guilt in committing both crimes. Wright stated that he discussed the petition with his attorney and understood the contents of the petition and the plea. A review of the transcript and petition show that Wright was informed of his rights to a speedy trial, jury trial, cross-examination of witnesses and to present a defense. Further, Wright was informed and he stated that he understood that his entry of a guilty plea would waive all of those rights. There is no evidence to suggest that the trial judge erred. This issue is without merit.

## II. WHETHER WRIGHT'S COUNSEL WAS INEFFECTIVE?

The petitioner, seeking to overturn his conviction or sentence on grounds of ineffective assistance of

counsel, must demonstrate factual proof by a preponderance of the evidence of an identifiable lapse by counsel and of some actual adverse impact on the fairness of the trial resulting from that lapse. *Tokman*, 564 So. 2d at 1341; *Leatherwood v. State*, 539 So. 2d 1378, 1381 (Miss.1989); Miss. Code Ann. § 99-39-23(7). The trial judge must review the claim of ineffective assistance of counsel in light of the two-prong test, stated in *Strickland v. Washington*, 466 U.S. 668 (1984). "Before counsel can be deemed to have been ineffective, it must be shown (1) that counsel's performance was deficient, and (2) that the defendant was prejudiced by counsel's mistakes." *Schmitt v. State*, 560 So. 2d 148, 154 (Miss. 1990).

Wright must overcome the presumption that "counsel's performance falls within the range of reasonable professional assistance." *Id*. To meet this burden, Wright must show "there is a reasonable probability that, but for his counsel's error's, the result of the proceeding would have been different." Wright's claim that his "attorney conducted no investigation of said criminal acts, a violation both procedural and substantive, his Constitutional claims are based on his counsel's ineffective assistance, of which, counsel failed to advise the appellant of the elements of the charges, failed to inform the appellant of the maximum and minimum sentence prescribed by law, failed to represent the appellant's speedy trial rights" is contrary to the law and facts. His petition and in court confessions alone are sufficient to withstand his frivolous claim. *See Smith v. State*, 636 So. 2d 1220, 1223 (Miss. 1994).

Wright's attorney filed discovery and investigated the factual basis of the charges against Wright. Wright and Gaston were both indicted for the same charges. After, Gaston pled guilty to those charges, Wright decided to plead as well. If the case had gone to trial, Gaston could have testified for the state against Wright. Also, the state furnished defense counsel copies of the reports filed by the investigating officers, including Agent Williams. Although the underlying factual basis for the plea and charges were not expressly stated at the hearing, the record contained all such information. Further, Wright's counsel informed the circuit court that based on his review of the documents provided by the state in discovery and discussions with Wright he believed there to be no reason for the court not to accept Wright's guilty plea.

Wright stated to the circuit court that he had been informed by defense counsel of the maximum and minimum sentence which could be imposed by law. Although Wright argues he was not informed of the maximum and minimum sentence, he does not argue that he was mislead and believed that the fifteen (15) year sentence was the minimum sentence. Wright and the State agreed upon a sentence recommendation of fifteen (15) years imprisonment which was followed by the circuit court. Finally, Wright stated that he understood he had the right to a speedy trial and that his guilty plea would waive any such defense.

Wright has simply failed to overcome the burden placed upon him by the *Strickland* test (1) that his counsel was deficient, and (2) that he was prejudiced by his counsel's mistakes. Therefore, this assignment of error is without merit.

## III. WHETHER WRIGHT WAS INFORMED OF THE ELEMENTS OF CONSPIRACY AND INFORMED OF THE

## SENTENCING DEFENSE?

This Court has stated that it is essential for the defendant to know the charge against him, that he understand the charge and how it affects him, the effects of a guilty plea to the charge, and what might happen to him in the sentencing phase as a result of having entered the plea of guilty. *Gaskin v. State*, 618 So. 2d 103, 107 (Miss. 1993); *Gilliard v. State*, 462 So. 2d 710, 712 (Miss. 1985).

The failure of the court to advise Wright of the elements of the charges to which he pled is harmless error if it can be shown that prior to the court's acceptance of Wright's plea, he had already been advised through other sources of the critical elements of the offenses he was charged with. *See Vittitoe v. State*, 556 So. 2d 1062, 1065 (Miss. 1990); *Reynolds v. State*, 521 So. 2d 914, 961-917 (Miss. 1988); *Gilliard v. State*, 462 So. 2d 710, 713 (Miss. 1985). A review of the record before this Court reveals that Wright was first informed of the nature and elements of the charges in the indictment.

The indictment in this case is straight forward and explicit concerning the charges lodged and the elements thereof. Additionally, the indictment shows that Wright was, in fact, informed of the maximum sentence he could receive on each of the charges. The signed plea petition shows that Wright was aware that he was charged with conspiracy to sell cocaine and the sale of cocaine. And, during the plea hearing Wright stated he understood that he was charged with conspiracy to sell cocaine to Williams and with the sale of cocaine to Williams.

Although, the elements of the charges against Wright were not orally announced at the plea hearing, the record in this case indicates that Wright was aware of the charges that had been brought against him, and merely constitutes harmless error. The indictment charging Wright with conspiracy to sell and sale of cocaine informed Wright of the elements of charges brought against him. Here, the indictment informed Wright of the critical elements of the crimes he was charged. This issue is without merit.

## IV. WHETHER THE TRIAL COURT INFORMED WRIGHT OF THE MAXIMUM AND MINIMUM SENTENCE OF EITHER CHARGE?

Wright contends that he was not informed of the maximum and minimum sentence for crime that he was charged and therefore, requires reversal of the sentence imposed by the circuit court. The above statement is Wright's entire argument, he did not attempt to explain how he was prejudiced by the alleged error. Wright does not contend that he was mislead or deceived and therefore pled guilty. Nor does Wright contend that he believed that the State would recommend a lesser sentence to the lower court.

During the plea hearing, Wright affirmatively stated that he had been informed by defense counsel of the maximum and minimum sentence for each charge. Automatic reversal of a plea sentence is not the rule in Mississippi where the defendant is not informed of the minimum and maximum sentences to which he is exposed. In *Sykes v. State*, 624 So. 2d 500 (Miss. 1993) this Court held that where it can be said "beyond a reasonable doubt that the failure to advise an accused of a minimum played no role in the decision of the accused to plead, such failure is not fatal to the sentence." *Id.*, at 503. This Court reasoned that the situation in *Sykes* warranted a natural extension of the "harmless error rule" which had been applied on past occasions to omissions in advice rendered to pleading defendants where no actual harm was suffered by the defendant. *Id.*, at 502.

Wright was informed by the indictment of the minimum and maximum sentences which could be imposed. The indictment tracked the language of Miss. Code Ann. § 97-1-1 and § 41-29-139 for conspiracy and the sale of cocaine. Because there is no minimum prison sentence for conspiracy, no error can be found in not expressly stating that there is no minimum sentence. Similarly, there is not a minimum prison sentence for the sale of cocaine. There is no doubt, that the failure to advise Wright of the mandatory minimum sentence did not affect his decision, considering the fact that he had already admitted guilt and was willing to plead guilty in exchange for the State to recommend a fifteen (15) year sentence to the circuit court.

Accordingly, no harm was suffered by Wright as a result of the failure of the lower court to notify him of the minimum sentence, and such failure is not fatal to the lower court's sentence of fifteen (15) years imprisonment. This issue is without merit.

## V. WHETHER THE TRIAL COURT ERRED WHEN IT DISMISSED WRIGHT'S PETITION?

Wright contends that there was no factual basis for accepting his guilty plea. Obviously, Wright forgets that he signed a petition and admitted to the lower court that he did, in fact, conspire to sell and sell crack cocaine to Agent Williams. Based upon his admissions, a factual basis does exist.

Further, Wright contends that the lower court erred in dismissing his petition without an evidentiary hearing. The lower court had a copy of Wright's original plea colloquy which he swore to under oath. As noted, the record belies Wright's claims. An evidentiary hearing is not required in such cases. *Simpson v. State*, 678 So. 2d 712, 715 (Miss. 1996). This Court, in *Harris v. State*, 578 So. 2d 617, 620 (Miss. 1991), stated:

In order for a contested fact to require an evidentiary hearing it must be material. Moreover, where an affidavit is belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant to the contrary, to the extent that the court can conclude that the affidavit is a sham, no hearing is required.

Wright's claims are so totally contradicted by the record on its face so as to render his current affidavit a "sham." Additionally, a trial judge may rely heavily on previous statements made under oath. *Simpson*, 678 So. 2d at 715; *Smith*, 636 So.2d at 1224. In *Smith*, the Court stated:

"In contrast, Smith's current contentions and credibility are certainly suspect. When we compare his previous sworn testimony during his guilty plea with his current affidavit, the latter is practically rendered a 'sham,' thus allowing the summary dismissal of the petition to stand."

*Smith*, 636 So.2d at 1224.

Wright had petitioned the lower court to accept his guilty plea, and in that same petition admitted that he had committed the crimes with which he had been charged. And again at the plea hearing Wright stated to the lower court that he was pleading guilty because he is, in fact, guilty. There is no

greater factual basis than an admission. Therefore, this issue is clearly without merit. However, if that were not enough, the record contains police reports from eye witnesses who saw Wright and Gaston confer and combine their cocaine and then sell the same cocaine to Agent Williams. Wright's petition is certainly a "sham" and a waste of this Court's time.

## <u>CONCLUSION</u>

Wright appeals the dismissal of his petition for post-conviction relief and assigns many errors. However, Wright has failed to offer evidence in support of the issues. The record before this Court clearly shows that Wright voluntarily entered his guilty pleas, and that he was informed of the elements of the charges against him and the minimum and maximum sentence of each. And, Wright failed to meet the *Strickland* test to establish ineffective assistance of counsel. Therefore, the lower court did not err in dismissing Wright's petition without having an evidentiary hearing.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, SMITH AND MILLS, JJ., CONCUR.**