# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-KA-00723-SCT

*HUBERT MILTON RINEHART*

*v.*

*STATE OF MISSISSIPPI*

### ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 11/15/2001 |
| TRIAL JUDGE: | HON. RICHARD D. BOWEN |
| COURT FROM WHICH APPEALED: | ALCORN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT SNEED LAHER |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEAN SMITH VAUGHAN |
| DISTRICT ATTORNEY: | JOHN RICHARD YOUNG |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 10/07/2004 |
| MOTION FOR REHEARING FILED: | 11/14/2003 |
| MANDATE ISSUED: | |

**EN BANC.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.     The motion for rehearing is denied. The original opinion is withdrawn, and this opinion is substituted therefor.

¶2.     This appeal arises from a jury verdict in the Circuit Court of Alcorn County, Mississippi, convicting Hubert  Milton  Rinehart of murder and sentencing him to serve a

life sentence in the custody of the Mississippi Department of Corrections. Aggrieved by this conviction and sentence, Rinehart raises the following issues on appeal:

I. WHETHER THE TRIAL COURT ERRED IN DENYING RINEHART'S MOTION FOR A CONTINUANCE.

II. WHETHER RINEHART WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

III. WHETHER THE TRIAL COURT ERRED IN DENYING RINEHART'S MOTION FOR ACQUITTAL NOTWITHSTANDING THE VERDICT, OR IN THE ALTERNATIVE, FOR A NEW TRIAL.

**FACTS**

¶3.     On May 29, 2000, Hubert Rinehart and his girlfriend, Judy Roberts, were seen at the K-Mart in Alcorn, Mississippi by Roberts's cousin, Regina Phelps. Later that evening, Harold Little saw the couple in Rinehart's vehicle near his property. Little talked with both Rinehart and Roberts and left them on the side of the road around 8:30 p.m. Rinehart was next seen buying cigarettes at Buck's convenience store around 9:48 p.m., where he remarked that he needed to use the phone because Judy Roberts had driven off with his truck. Rinehart made several phone calls from the store. Rinehart telephoned his sister, Mary Dilingham, and requested that she pick him up from Buck's convenience store. He then reported to the Sheriff's office that Judy Roberts had taken his truck. At nearly 10:00 p.m., only a few minutes later, a vehicle was reported on fire in the Kossuth community by Glenda Green whose son, Brian Green, had discovered the vehicle. The truck, located about eight miles away, belonged to Rinehart.

¶4.     The body of Judy Roberts was found the next evening on Smith Bridge Bottom Road. Roberts had died from a .38 caliber bullet wound on the left side of her head. She also sustained injuries to her face, cheek and neck.

2

¶5. The bullet was recovered from her skull, and Dr. Steven Hayne testified that forensics indicated that Roberts's death was a result of homicide. Rinehart admitted to owning several guns and during a search of his residence a .38 caliber Smith & Wesson was found.

¶6. Rinehart was indicted, tried and convicted by a jury of his peers for the murder of Roberts on November 15, 2001.

## DISCUSSION

### I. MOTION FOR CONTINUANCE

¶7. Rinehart alleges that he was not well represented by his public defense counsel and needed additional time to hire private counsel, despite the fact that he was provided with two attorneys by the trial court. Rinehart asserts that he did not like the advice of his attorneys and investigator which the court had provided.

¶8. In the instant case, the trial judge heard Rinehart's motion for continuance and supporting evidence and ruled to deny the motion. The trial court stated in pertinent part:

> Mr. Rinehart, for the reason that this case has been set for trial at least twice, according to the court record I reviewed the other day, at a previous term of this Court and was continued, and also having been set for trial for several weeks now, the Court feels like you have had sufficient opportunity, if you could afford to and wanted to hire an attorney to represent you, a sufficient time prior to this trial for such an attorney to become acquainted with your case and to consult with you in preparation of a trial. This you have not done so. I also note that you filed an affidavit of indigency in this case, based upon which, this Court appointed you, not one but two attorneys to assist you in your defense and to try this case . . . .
>
> The court does not believe that your motion for continuance, at this time, Mr. Rinehart, has any merit, first of all and secondly, is not timely filed. To make this motion on the day of trial is not timely. Nevertheless, the Court would consider it if the Court believed that your motion had any merit.

3

¶9. Here, as in *Atterberry v. State,* 667 So.2d 622, 628-30 (Miss. 1995), the trial judge did not abuse his discretion in denying Rinehart's motion to discharge appointed counsel or his motion for continuance so that counsel of his choosing could prepare his case for trial. "A defendant has an absolute right to counsel, but his right to choose counsel is not absolute." *Id.* at 630. The record reveals that the trial judge looked at the facts presented to the court and found no prejudice to Rinehart in proceeding to trial with his two court appointed attorneys. The court also noted that Rinehart was given ample time in which to find alternative counsel prior to trial.

¶10. Rinehart bears the burden of showing that the denial of a continuance resulted in substantial prejudice to his right to a fair opportunity to prepare and present his defense. *Jackson v. State*, 538 So.2d 1186, 1189 (Miss. 1989). Rinehart has failed to demonstrate that the trial judge's ruling was an abuse of discretion which prejudiced him to the extent that he was denied a fair trial or effective representation of counsel. We find that this issue is without merit.

II. ASSISTANCE OF COUNSEL

¶11. Rinehart advances that his right to effective assistance of counsel was denied in violation of the Sixth Amendment of the United States Constitution. Rinehart asserts that defense counsel was not prepared for trial, because he only had two meetings with him prior to trial.

¶12. The Supreme Court has held that before relief may be granted for ineffective assistance of counsel, the petitioner must establish: (1) that counsel's performance was deficient in that it fell below an objective standard of reasonable professional service, and (2) that this deficient performance prejudiced the defense such that there is a reasonable probability that the outcome of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), followed by this Court in *Stringer v. State*, 454 So.2d 468 (Miss. 1984). Thus, both a deficiency and

4

resulting prejudice must be shown, and an appellant's failure to affirmatively plead and establish both prongs of the *Strickland* test warrants rejection on the claim.

¶13.    We find that Rinehart has failed to overcome the strong presumption that defense counsel performed competently.  Rinehart asserts that defense counsel had only two meetings with him prior to trial, implying that counsel was unprepared for trial.  Rinehart persists that he expressed to the trial court that his legal representation was not to his liking prior to trial.  The record reflects that the trial judge took Rinehart's concerns into consideration when denying his motion for a continuance.  In *Temple v. State*, 679 So.2d 611, 613-14 (Miss. 1996),  this Court found no error in denying a continuance for a newly appointed counsel to prepare for trial.  There is no showing that a continuance would have resulted in a favorable outcome for Rinehart.  The denial of a continuance does not mean that the counsel was unprepared.  In fact, counsel for Rinehart filed the necessary pretrial motions and properly represented Rinehart at trial. Defense counsel conducted a voir dire examination, offered challenges for cause, provided compelling opening and closing statements, objected to the admission of certain evidence and cross-examined witnesses.  Additionally, Rinehart was given every opportunity to call witnesses and assist in his defense.  *Cabello v. State*, 524 So.2d 313 (Miss. 1988).  The accused is entitled to a fair trial not a perfect one or  constitutionally errorless counsel.  *Id.* at 315.

¶14.    The Sixth and Fourteenth Amendments to the United States Constitution operate as sureties for the right to effective assistance of counsel. The Sixth Amendment guarantees, in relevant part, "[i]n all criminal prosecutions, the accused *shall* enjoy the right . . . to have the assistance of counsel for his defense."*Wheat v. United States*, 486 U.S. 153, 158, 108 S.Ct. 1692, 1696, 100 L.Ed.2d 140 (1988) (quoting U.S. Const. amend. VI). This adept representation encompasses two broad principles: minimum competence and loyal assistance,*Armstrong v. State,* 573 So.2d 1329, 1331 (Miss. 1990); Comment,

5

*Conflict of Interests in Multiple Representation of Criminal Co-Defendants,* 68 J. Crim. L. & Criminology 226 (1977), all of which Rinehart was afforded. Moreover, actual prejudice has not been shown, and Rinehart was not denied any of his rights.

¶15.    Due to the overwhelming weight and credibility of the evidence presented by the State, Rinehart's claim does not rise to the level necessary for a finding that his attorney's representation was constitutionally ineffective. Rinehart's proposition is devoid of a demonstrative showing that counsel's performance fell below an objective standard of reasonable professional service. "[T]his Court must give effect to all reasonable presumptions in favor of the ruling of the court below." *Woodward v. State*, 533 So.2d 418, 426-27 (Miss. 1988). The rulings of the trial court will be presumed correct unless proved otherwise by the actual record. *Shelton v. Kindred*, 279 So.2d 642, 644 (Miss. 1973). Therefore, we find that this issue is without merit.

III.    MOTION FOR J.N.O.V. OR IN THE ALTERNATIVE
FOR A NEW TRIAL

¶16.    Rinehart asserts that the trial court erred when it denied his motion for J.N.O.V. or in the alternative, motion for a new trial. Rinehart maintains that the guilty verdict was against the overwhelming weight of the evidence, and that denial of the motion for a new trial resulted in an unconscionable injustice. Additionally, Rinehart contends that there was no physical evidence linking him to the crime and that, therefore, the State only established the mere probability of guilt.

¶17.    In reviewing the denial of a JNOV motion, we consider all of the evidence in the light most favorable to the appellee, and we may reverse a denial of the motion only if the evidence so favors the appellant that reasonable jurors could not have reached a contrary verdict. *Kingston v. State*, 846 So. 2d 1023, 1025 (Miss. 2003).

¶18. "In reviewing the decision of the trial court on a motion for a new trial, this Court views all of the evidence in the light most consistent with the jury verdict. A motion for a new trial addresses the weight of the evidence and should only be granted to prevent an unconscionable injustice." *Daniels v. State*, 742 So.2d 1140, 1143 (Miss. 1999) (citations omitted).

¶19. In the instant case, the State presented evidence that the victim had been shot with a .38 caliber gun and that such a gun was recovered from Rinehart's residence. Likewise, though not conclusive, the State's ballistic experts testified regarding similarities between the bullet recovered from Roberts's body and bullets fired from the recovered gun. Because the State linked Rinehart to the crime, the trial judge properly submitted the matter for the jury's consideration.

¶20. The jury sits as finder of fact and has the duty to assess the credibility of the witnesses and resolve conflicts in the evidence. *Groseclose v. State*, 440 So.2d 297, 300 (Miss. 1983). The jury heard the witnesses' testimony and observed the witnesses' demeanor. The jury found that the facts in the case support a finding that Rinehart murdered Roberts. We find that there is no showing that the verdict constituted an unconscionable injustice. Additionally, Rinehart has failed to present any evidence that would warrant a new trial. The trial court did not err in denying a JNOV or a new trial.

## CONCLUSION

¶21. We affirm the judgment of the trial court.

¶22. **CONVICTION OF MURDER AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.**

7