IRVING, P.J.,
for the Court:
¶ 1. On February 2, 2004, La’Quinta Lewis, representing himself, was convicted by a Walthall County jury of armed robbery and conspiracy to commit armed robbery. The Walthall County Circuit Court sentenced him to life imprisonment for the armed-robbery charge and five years for the conspiracy-to-commit-armed-robbery charge, all in the custody of the Mississippi Department of Corrections. Lewis failed to file a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. On February 9, 2004, Lewis filed a pro se notice of appeal, which the Mississippi Supreme Court subsequently dismissed based on his failure to properly perfect his appeal. On September 17, 2010, Lewis filed a motion to proceed with an out-of-time appeal, which the circuit court granted. The court also appointed counsel to represent Lewis in his appeal. On October 20, 2011, Lewis’s new counsel filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, which the circuit court denied.
¶2. Feeling aggrieved, Lewis appeals and argues that the circuit court erred in allowing him to represent himself at trial without first ascertaining that he had knowingly and voluntarily waived his right to counsel.
¶ 3. Finding no error, we affirm.
FACTS
¶ 4. On October 29, 2002, Lewis and two others robbed Bonnie’s Country Store, located in Walthall County, Mississippi. The circuit court declared Lewis indigent and appointed Nelson Estess to serve as his counsel. On November 5, 2003, Lewis announced to the circuit court that he did not want Estess to serve as his attorney. After the court explained to Lewis the consequences of representing himself, Lewis agreed to a hybrid form of representation. However, because members of the jury may have seen Lewis in a prison jumpsuit and restraints, the circuit court rescheduled the opening date for trial to February 5, 2004. After November 5, 2003, no other attorney entered an appearance to represent Lewis.
¶ 5. On February 2, 2004, at a pretrial conference, Lewis informed the circuit court that he did not want Estess’s assistance in any form, and he did not want to represent himself. At the conference, Es-tess stated that Lewis felt that Estess was not representing him properly. One week before the conference, Lewis told Estess that he intended to hire his own lawyer. On the Friday before Lewis’s trial began, Lewis informed Estess that he had not hired an attorney, would refuse to appear in court on the date of trial, and would refuse to represent himself. Furthermore, Estess informed the court that Lewis did not think that Estess understood the law and that “Lewis had been in conversation with people in the jail that understood the law and that [Lewis] knew that if he showed up this morning and announced that he did not want [Estess] to represent him and that [Lewis] refused to represent himself, that the [c]ourt would not be able to [have a trial].”
¶ 6. Following this exchange between Estess and the circuit court, Lewis refused to respond to any of the court’s inquiries concerning his representation. Nevertheless, the court appointed Estess to sit beside Lewis and answer his questions during trial. The court determined that, by his silence, Lewis had knowingly and voluntarily waived his right to counsel and his right to be present in the courtroom during trial. However, the court allowed Lewis to remain in the courtroom during trial in case he changed his mind about participating in his trial.
*581 ¶ 7. During trial, Lewis refused to participate in jury selection and refused to cross-examine any of the State’s witnesses. Prior to jury selection, Lewis announced, “I have fired Mr. Nelson Estess. I don’t want him as my lawyer. I am not representing myself.” Prior to the conference on jury instructions, the court asked Lewis if he would like Estess to prepare jury instructions. Lewis responded, “I have no lawyer, and I’m not representing myself.” In lieu of a closing argument, Lewis stated, “I’d like to state once again that I do not have no lawyer [sic], I was forced to come to trial, and I do not wish to represent myself[,] but I was forced to come to trial anyway.”
¶8. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 9. Lewis asserts that the circuit court erred in allowing him to proceed pro se without first ascertaining that he had knowingly and voluntarily waived his right to counsel. Specifically, Lewis contends that he never waived his right to counsel, and he never stated that he wanted to proceed pro se. The Sixth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution grant a criminal defendant the right to be heard by himself, through counsel, or both. While “[a indigent] defendant has an absolute right to counsel, ... his right to choose counsel is not absolute.” Rinehart v. State, 883 So.2d 573, 576 (¶ 9) (Miss.2004) (quoting Atterberry v. State, 667 So.2d 622, 630 (Miss.1995)). Additionally, a defendant may not use his right to counsel to hinder trial. Fields v. State, 879 So.2d 481, 484 (¶ 13) (Miss.Ct.App.2004).
¶ 10. A defendant may waive his right to counsel. Patton v. State, 34 So.3d 563, 564-65 (¶ 3) (Miss.2010). The waiver, however, “must be knowingly and intelligently made.” Id. at 565 (¶ 3). Before a circuit court determines that a defendant has knowingly and voluntarily waived his right to counsel, the court must, according to Rule 8.05 of the Uniform Rules of Circuit and County Court, proceed as follows:
When the court learns that a defendant desires to act as his/her own attorney, the court shall on the record conduct an examination of the defendant to determine if the defendant knowingly and voluntarily desires to act as his/her own attorney. The court shall inform the defendant that:
1. The defendant has a right to an attorney, and if the defendant cannot afford an attorney, the state will appoint one free of charge to the defendant to defend or assist the defendant in his/her defense.
2. The defendant has the right to conduct the defense and that the defendant may elect to conduct the defense and allow whatever role (s)he desires to his/ her attorney.
3. The court will not relax or disregard the rules of evidence, procedure or courtroom protocol for the defendant and that the defendant will be bound by and have to conduct himself/herself within the same rules as an attorney, that these rules are not simple and that without legal advice his/her ability to defend himself/herself will be hampered.
4. The right to proceed pro se usually increases the likelihood of a trial outcome unfavorable to the defendant.
5. Other matters as, the court deems appropriate.
After instructing the defendant and ascertaining that the defendant understands these matters, the court will as *582 certain if the defendant still wishes to proceed pro se or if the defendant desires an attorney to assist him/her in his/her defense. If the defendant desires to proceed pro se, the court should determine if the defendant has exercised this right knowingly and voluntarily, and, if so, make the finding a matter of record. The court may appoint an attorney to assist the defendant on procedure and protocol, even if the defendant does not desire an attorney, but all disputes between the defendant and such attorney shall be resolved in favor of the defendant.
¶ 11. Thus, according to the rule, the circuit court was required to advise Lewis, on the record, of his rights and the warnings set forth in the rule. Afterward, the court was required to ascertain if Lewis still wished to proceed pro se, or if he wanted an attorney to assist him in his defense. If Lewis wished to continue pro se, the court was required to determine whether Lewis’s waiver of counsel was knowingly and voluntarily made.
¶ 12. According to the record before us, the circuit court complied with the requirements of Rule 8.05. It is undisputed that on November 5, 2003, the circuit court advised Lewis of his rights according to Rule 8.05. At that time, Lewis accepted the assistance of his court-appointed counsel. The court determined that Lewis had knowingly and voluntarily accepted counsel’s assistance. The circuit court advised Lewis of his rights again on the day of trial. This time, however, Lewis refused to respond to the court’s questions.
¶ 13. Although Lewis may have had some reservations about his court-appointed counsel in November 2003, he made no effort to find and hire alternate counsel before his trial date. Additionally, Lewis’s court-appointed counsel informed the court that Lewis was refusing counsel’s assistance because “[Lewis] knew that if Lewis showed up [on the] morning [of trial] and announced that [Lewis] did not want [Es-tess] to represent him and that he refused to represent himself, the [c]ourt would not be able to try him.” In spite of the court’s warnings that he had been given bad advice, the court allowed Lewis to be present in the courtroom and re-appointed counsel to answer any questions that Lewis may have had during trial. Furthermore, prior to jury selection, the court again warned Lewis according to Rule 8.05 and, again, Lewis refused to respond. The court subsequently determined that Lewis’s statements and actions were for the sole purpose of avoiding trial.
¶ 14. Based on the above, we hold that the circuit court did not err in finding that Lewis waived his right to the assistance of counsel. The record is clear that even after the circuit court apprised Lewis of his rights, he refused to participate in his trial. Lewis purposefully intended to use his absolute right to counsel to avoid going to trial — a course of action that our supreme court has specifically proscribed. Additionally, Lewis’s waiver was knowing and voluntary. He was fully aware of the rights that he would be jeopardizing by proceeding without counsel and in the manner that he chose. Accordingly, this issue is without merit.
¶ 15. THE JUDGMENT OF THE WALTHALL COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, ARMED ROBBERY, AND SENTENCE OF LIFE; AND COUNT II, CONSPIRACY TO COMMIT ARMED ROBBERY, AND SENTENCE OF FIVE YEARS, WITH THE SENTENCE IN COUNT II TO RUN CONSECUTIVELY TO THE SENTENCE IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL *583 COSTS OF THIS APPEAL ARE ASSESSED TO WALTHALL COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ, CONCUR.